CHRISTIAN BUCK, Respondent, *v.* STANDARD OIL COMPANY OF NEW YORK, Appellant.*

Third Department, June 22, 1928.

*Lawrence B. McKelvey* [*Brenton T. Taylor* of counsel], for the appellant.

*Butler, Kilmer, Hoey & Butler* [*Walter P. Butler, Clarence B. Kilmer* and *Charles L. Hoey* of counsel], for the respondent.

WHITMYER, J. Plaintiff was shot in the leg and seriously injured on August 14, 1927, at about three A. M., by one Burton J. DeGarmo at a gas filling station, belonging to defendant, near Victory Mills,

* Affd., 249 N. Y. 595.

Saratoga county, N. Y. DeGarmo conducted the station for defendant and was watching it at the time. He claims that he thought that plaintiff was trying to steal gasoline and that he shot, aiming at the ground, to frighten him away. Whether or not defendant is liable for his act is the only question. DeGarmo worked under a contract, in writing, which referred to him as " agent " and to defendant as the " Company." Under the contract, DeGarmo was to sell on commission, to have the charge and custody of the property and the merchandise at the place, and was to take care of and be responsible for same. Protection of the property was among his duties. In protecting it, he was defendant's agent. (*Baldwin* v. *Abraham*, 57 App. Div. 67; affd., 171 N. Y. 677; *Braxton* v. *Mendelson*, 233 id. 122, 124; *Howitt* v. *Hopkins*, 219 App. Div. 653; affd., 246 N. Y. 604.) The contract provided, also, that he was to save defendant harmless from damages arising out of any injury to persons as the result of the use of the premises or the conduct of the business therein, but that does not help defendant and save it from liability against the claim of a third party for his wrongful act. The nature of his act, then, is the question, whether it was within the general scope of his employment, while he was engaged in defendant's business, and was done with a view to the furtherance of that business, or was done solely to effect some purpose of his own. If the former, defendant is liable whether or not the act was done negligently, or wantonly, or even willfully. If the latter, defendant is not liable. (*Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543, 547; *Magar* v. *Hammond*, 183 id. 387, 390; *Sharp* v. *Erie R. R. Co.*, 184 id. 100, 105.) Usually, the question is one of fact. The building had been burglarized three times shortly before and articles had been taken and the pump had been broken. And DeGarmo had some merchandise there, consisting of soft drinks, tobacco and smokers' supplies, with defendant's permission and for sale on his own account. He was on the watch at the premises to stop the thieving. In protecting defendant's property he was, necessarily, protecting his own. But if he was acting within the general scope of his employment and with the view of protecting defendant's interests, notwithstanding that he was protecting his own at the same time, liability of defendant follows. The question was one of fact for the jury and was resolved against defendant.

The judgment should be affirmed.

VAN KIRK, P. J., HINMAN and HILL, JJ., concur; DAVIS, J., dissents.

Judgment and order affirmed, with costs.