EFF-ESS, INC., Plaintiff, v. NEW YORK EDISON COMPANY, Defendant.

Supreme Court, Bronx County, January 27, 1932.

*Israel & Schuhmann* [*Jay Leo Rothschild* of counsel], for the plaintiff.

*Beardsley & Taylor*, for the defendant.

COHN, J. The regulation in the contract entered into between the parties requiring the customer to safeguard the property of the defendant on the customer's premises is a necessary, fair and reasonable one. There was convincing proof of unlawful interference with the defendant's meter. However, the meter was not in the plaintiff's premises, but was located at a place readily accessible to other persons. Although the plaintiff would be the sole beneficiary if the action of the meter were retarded, the jury has found that the plaintiff was in no way responsible for any interference with the meter which checked the supply of electric current furnished by the defendant. On the record, this court cannot say that such a finding was unsupported by the evidence, although it is difficult to comprehend that any stranger to the contract might have any interest in interfering with the defendant's property. The court is without power to substitute its judgment as to the facts for that of the jury's where such a finding is not the result of passion or prejudice. Nor do I believe that the defendant was entitled to have charged the request to the jury embodying section 1431-a of the Penal Law. That section must be construed with section 1431 of the same statute. Read together, these two sections mean that, where a person has committed any of the acts specified in section 1431, then section 1431-a makes the circumstances themselves presumptive evidence of an intent to defraud. However, where proof that a person has committed any of the acts enumerated in section 1431 is lacking, section 1431-a can have no application to such person. The motion to set aside the verdict of the jury is, therefore, denied, with an exception to the defendant. Under section 480 of the Civil Practice Act, the plaintiff is entitled to recover interest upon the amount of the verdict from the date of the breach of the contract, namely, March 28, 1928. (*McLaughlin* v. *Brinckerhoff*, 222 App. Div. 458.)

The clerk is directed to add interest from that date to the date of the rendition of the verdict. Thirty days' stay and sixty days to make a case.