Lina Hoberg, Plaintiff, *v.* The New York Edison Company, Defendant.

Supreme Court, New York County, February 19, 1932.

*Lyman Hess,* for the plaintiff.

*Beardsley & Taylor,* for the defendant.

Dore, J. This is an equity action for an injunction restraining the defendant, the New York Edison Company, from discontinuing electric service at plaintiff's premises, No. 165 West Forty-ninth street, Manhattan, New York city. Without the assistance of the presumption stated in section 1431-a of the Penal Law, the evidence in this record permits of but one logical inference, and conclusively and convincingly demonstrates and establishes the defense of unlawful meter interference and plaintiff's responsibility therefor. Plaintiff was the sole lessee of the entire premises in question. The separate meters for electric light and for electric power were in a locked compartment in the basement of plaintiff's premises. Access to these meters could be had only by means of a key exclusively in the possession and under the control of plaintiff's managers and representatives. No person could approach these meters without the knowledge, consent, and co-operation of the plaintiff or her agents, by means of the key under their exclusive control. By the terms of the service contract it was the duty of the plaintiff to safeguard the meters from interference and tampering. Plaintiff cannot disclaim knowledge of, nor responsibility for the established misconduct and improper interference and tamper, ing, resulting in unmetered current of substantial amount being used in the premises. and the plaintiff was the sole beneficiary of such

improper activities. (*Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543, 547; *Buck* v. *Standard Oil Co. of New York*, 224 App. Div. 299.) The case of *Eff-Ess, Inc.*, v. *New York Edison Co.* (144 Misc. 724) is not controlling here. It lacked the vital fact that the meters were located on the customer's premises and that the customer had the sole and exclusive control of access to the meters. Plaintiff's improper and wrongful misconduct has resulted in the use and consumption of a substantial amount of electric current in said premises for her benefit which was not metered and for which plaintiff has refused to pay defendant company. Defendant's statutory obligation to supply service to plaintiff as prescribed in section 12 of the Transportation Corporations Law of 1926 has ceased and terminated. Section 15 of the Transportation Corporations Law of 1926 provides: " If any person supplied with gas or electric light by any such corporation shall neglect or refuse to pay the rent or remuneration due for the same * * * such corporation may discontinue the supply of gas or electric light to the premises of such person; * * *." At trial the counterclaim was withdrawn as such and designated and considered as a defense. Under the established facts, plaintiff is not entitled to injunctive or other equitable relief.

Plaintiff's complaint is dismissed on the merits, with costs of action to be taxed by the clerk. Five days' stay after service of final judgment or decree is granted plaintiff. Present decision containing findings of fact and conclusions of law and final judgment or decree on two days' notice.