Josef De Wald, Appellant, *v.* William R. Seidenberg et al., Individually and as Trustees of the Estate of Jacob Bookman, Deceased, Respondents, et al., Defendants.

Argued March 4, 1948; decided April 22, 1948.

*Samuel Spevack, Bernard Meyerson* and *Irving R. Rosenthal* for appellant. The uncontradicted testimony of all parties definitely proved that defendant superintendent used an excess of zeal while engaged in the respondents' business, and, conse-

quently, the reversal of the judgment and dismissal of the complaint by the Appellate Division was error. (*Jones* v. *Weigand*, 134 App. Div. 644; *Rounds* v. *D. L. & W. R. R. Co.*, 64 N. Y. 129; *Ochsenbein* v. *Shapely*, 85 N. Y. 214; *Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543; *Cohen* v. *Dry Dock East Broadway & Battery R. R. Co.*, 69 N. Y. 170; *Osipoff* v. *City of New York*, 286 N. Y. 422; *Becker* v. *Borck*, 157 N. Y. S. 505; *Doscher* v. *Superior Fire Proof Door & Sash Co.*, 221 App. Div. 63; *Kurland* v. *Roche*, 165 N. Y. S. 807; *Buck* v. *Standard Oil Co. of N. Y.*, 224 App. Div. 299, 249 N. Y. 595; *Curran* v. *Buckpitt*, 225 App. Div. 380; *Muller* v. *Hillenbrand*, 227 N. Y. 448; *Girvin* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 289; *Katz* v. *Lutz*, 176 App. Div. 460.)

*Walter L. Glenney* for respondents. The alleged assault by the superintendent was not an act done in furtherance of the business of the respondents and was not incidental to the performance of the duties entrusted to him by the respondents. (*Oneta* v. *Tocci Co.*, 271 App. Div. 681, 297 N. Y. 629; *Isaacs* v. *Third Ave. R. R. Co.*, 47 N. Y. 122; *Mali* v. *Lord*, 39 N. Y. 381; *Muller* v. *Hillenbrand*, 227 N. Y. 448; *Trebitsch* v. *Goelet Leasing Co.*, 226 App. Div. 567, 252 N. Y. 554; *Zucker* v. *Lannin Realty Co.*, 217 App. Div. 487; *Kaiser* v. *McLean*, 20 App. Div. 326; *Taylor* v. *Erie R. R. Co.*, 268 N. Y. 711.)

LEWIS, J. In this action a jury at Trial Term awarded damages against the owners of an apartment house and their superintendent for an assault committed by the superintendent upon the plaintiff, a tenant. Following the verdict the Trial Justice granted a motion by the defendant-owners for judgment over against their superintendent for the amount of the judgment entered against them. The superintendent did not appeal from the resulting judgment. Upon appeal by the owners to the Appellate Division the judgment was reversed on the law and the facts and the complaint was dismissed on the law upon the ground that plaintiff's evidence was insufficient to establish his cause of action. The present appeal is by the plaintiff from the judgment entered upon the order of the Appellate Division.

In those circumstances we shall consider the facts in the light most favorable to the plaintiff-appellant. In the phase of our inquiry which requires us to determine whether the facts proved constitute a cause of action, we shall give to the plaintiff the benefit of every favorable inference which can reasonably be

drawn therefrom. (*Osipoff* v. *City of New York*, 286 N. Y. 422, 425; *Faber* v. *City of New York*, 213 N. Y. 411, 414.)

The plaintiff is a tenant in an apartment house in New York City of which the defendants-respondents, Seidenberg and Bookman, are owners and the defendant Kilkenny is the superintendent. There is evidence that there had been occasions when a maid in plaintiff's employ had thrown water and articles of waste from a window which opened upon a courtyard. Those occurrences were in violation of a rule prescribed by the owners to regulate the use of the apartments, of which rule the plaintiff had notice. In the enforcement of that rule, which the owners required of the superintendent, he had warned the plaintiff's maid not to repeat her offenses. Despite such warning there came a day when water thrown from a window in plaintiff's apartment fell upon and drenched the superintendent as he was about to enter a basement door directly below. Brief but heated remonstrances then went up from the superintendent and curt retorts came down from the plaintiff's maid which in character were so abusive as to suggest their omission here. Fifteen minutes later the superintendent — in clothes still wet — appeared at the door of plaintiff's apartment and asked of the maid that he be permitted to talk with her employer. When the plaintiff appeared and had been told that water had again been thrown from a window of his apartment, he stated that he had instructed the maid never to throw " even a match " into the courtyard. Later — having questioned the maid — the plaintiff denied that she had thrown the water of which complaint was being made. When the superintendent accused the maid of being a " liar " the plaintiff returned the accusation in kind. Then followed an exchange of harsh words which led to a bodily encounter in which blows were struck — as to which each participant testified that the other was the aggressor. In the melee which followed the plaintiff was pushed by the superintendent backward along a hallway to the top of a short flight of stairs from which point he plunged downward and sustained the personal injuries here in suit.

Upon the present appeal by the plaintiff our problem is narrowed to the inquiry whether there was any evidence which presented a question of fact as to whether the acts of the owners' superintendent, of which the plaintiff complains, were

within the scope of his employment and were done while he was engaged in furthering the owners' interests.

Our examination of the record has disclosed evidence from which the jury could have found that the superintendent's mission in going to the plaintiff's apartment was to advise the plaintiff of an infraction by his servant of a rule which the owners had required the superintendent to enforce. The record makes it clear, however, that as the conference progressed upon the subject which had brought them together, each conferee showed aggression in the battle of words in which they engaged and the fisticuffs which followed.

It is established law in this jurisdiction that — "The master who puts the servant in a place of trust or responsibility, or commits to him the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority, and inflicts an unjustifiable injury upon another." (*Cohen* v. *Dry Dock, East Broadway & Battery R. R. Co.,* 69 N. Y. 170, 173; *Rounds* v. *Delaware, Lackawanna & Western R. R. Co.,* 64 N. Y. 129, 136; *Mott* v. *Consumers' Ice Co.,* 73 N. Y. 543, 547; *Palmeri* v. *Manhattan Ry. Co.,* 133 N. Y. 261, 264; *Buck* v. *Standard Oil Co. of N. Y.,* 224 App. Div. 299, affd. 249 N. Y. 595; *Osipoff* v. *City of New York, supra,* pp. 431-432.)

Upon this record we cannot say, as a matter of law, that there is no evidence of zeal exerted by the superintendent — unwarranted by the circumstances and beyond the strict line of his duty — to enforce a rule promulgated by his employers. As we view the evidence it presented a question of fact whether the superintendent's act, of which complaint is made, was done while he was acting within the scope of his employment and while he was lawfully engaged in the business of his employers and in furtherance of their interests.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LOUGHRAN, Ch. J., CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

**Judgments reversed, etc.**