COURTNEY J. SAUTER, Respondent, *v.* NEW YORK TRIBUNE, INC.,

Appellant, et al., Defendants.

Argued May 26, 1953; decided July 14, 1953.

*John Nielsen* and *John P. Smith* for appellant. Defendant-appellant is not liable to plaintiff. (*Oneta* v. *Tocci Co.*, 271 App. Div. 681, 297 N. Y. 629; *Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543; *Osipoff* v. *City of New York*, 286 N. Y. 422; *Muller* v. *Hillen-*

*brand,* 227 N. Y. 448; *Plumer* v. *Southern Bell Tel. & Tel. Co.,* 58 Ga. App. 622; *Zucker* v. *Lannin Realty Co.,* 217 App. Div. 487.)

*Harry Zeitlan* and *Henry P. Goldstein* for respondent. The assault by defendant Finnegan arose out of an act which was within the scope of his authority and which was done in further-ance of the business of defendant-appellant. (*Mott v. Con-sumers' Ice Co.,* 73 N. Y. 543; *Dupre* v. *Childs,* 52 App. Div. 306, 169 N. Y. 585; *Rounds* v. *Delaware, L. & W. R. R. Co.,* 64 N. Y. 129; *Cohen* v. *Dry Dock, E. B. & B. R. R. Co.,* 69 N. Y. 170; *Buck* v. *Standard Oil Co. of N. Y.,* 224 App. Div. 299, 249 N. Y. 595; *Curran* v. *Buckpitt,* 225 App. Div. 380; *Muller* v. *Hillenbrand,* 227 N. Y. 448; *Girvin* v. *New York Central & H. R. R. R. Co.,* 166 N. Y. 289; *Osipoff* v. *City of New York,* 286 N. Y. 422; *Langguth* v. *Bickford's, Inc.,* 297 N. Y. 982.)

LEWIS, Ch. J. Plaintiff's action is to recover for injuries sustained as the result of an assault upon him by the defendant John P. Finnegan, a truck driver employed by the defendant-appellant New York Tribune, Inc. Upon this appeal the defen-dant-appellant raises no issue in respect of injury, causal rela-tion or the amount of damage sustained by plaintiff. The sole question is whether, at the time of the assault, the defendant Finnegan was acting in the course of his employment and in such furtherance of his employer's business as to impose liability upon his employer for the personal injuries which resulted to the plaintiff.

As to facts: On April 24, 1947, plaintiff, who was employed as a bus driver, was operating a bus on 41st Street between Seventh and Eighth Avenues in the borough of Manhattan when a truck, controlled by defendant New York Tribune, Inc., and operated by its driver Finnegan, struck the plaintiff's bus. As to what happened thereafter, the plaintiff testified as follows:

" I pulled my bus to a stop as soon as possible. I got out. I asked the driver for his license. He said to me, ' You wise guy,' and he called me a name. And I said, ' Well, let's stop this fooling around and give me your license; I want to get out of here.' And he struck me, give me a punch in the nose, my

hands down. So I pushed him away. Some passengers jumped off and separated us. I went back in the bus then, to get a piece of paper to get the license plate number of this truck. This truck had a tail gate on it, so I had to bend down—

"Q. This truck had what? A. A tail gate. The tail gate was down, so I had to bend down to get the license plate, which was underneath the body of the truck. *I got down on one knee, was preparing to get the number of the bus — of the truck, and this fellow come over and kicked me in the face."* (Emphasis supplied.) That evidence — establishing, as it does, two unprovoked assaults upon plaintiff by defendant-appellant's driver — is supported by testimony of passengers upon the bus driven by plaintiff.

Upon the evidence we are unable to agree with the courts below that, at the time of the assault — at least at the time plaintiff was kicked in the face — defendant-appellant's driver Finnegan was so engaged in the course of his employment and in the furtherance of his employer's business as to make defendant-appellant liable for the injuries inflicted upon plaintiff.

In *Rounds* v. *Delaware, L. & W. R. R. Co.* (64 N. Y. 129), Judge ANDREWS, writing for a unanimous court, said: "There is, at this time, but little conflict of judicial opinion in respect to the general rule by which the liability of a master for the misconduct of his servant, resulting in injury to third persons, is to be tested and ascertained. In *Higgins* v. *The Watervliet Turnpike Company* (46 N. Y. 23), this subject was considered by this court, and the rule was declared to be, that the master was responsible *civiliter* for the wrongful act of the servant causing injury to a third person, whether the act was one of negligence or positive misfeasance, *provided the servant was at the time acting for the master, and within the scope of the business intrusted to him. The master is liable only for the authorized acts of the servant, and the root of his liability for the servant's acts is his consent, express or implied, thereto.* When the master is to be considered as having authorized the wrongful act of the servant, so as to make him liable for his misconduct, is the point of difficulty. Where authority is conferred to act for another, without special limitation, it carries with it, by implication, authority to do all things necessary to its execution;

and when it involves the exercise of the discretion of the servant, or the use of force towards or against another, the use of such discretion or force is a part of the thing authorized, and when exercised becomes, as to third persons, the discretion and act of the master, and this, although the servant departed from the private instructions of the master, *provided he was engaged at the time in doing his master's business, and was acting within the general scope of his employment.*" . (Pp. 133-134.) (Emphasis supplied.) Similarly, in *Mott* v. *Consumers' Ice Co.* (73 N. Y. 543) where the court recognized that an employer may be held liable for the wrongful act of his servant done within the course of employment and " with a view to the furtherance of that business and the master's interest," it was said: " But if a servant goes outside of his employment, and without regard to his service, acting maliciously, or in order to effect some purpose of his own, wantonly commits a trespass, or causes damage to another, the master is not responsible; * * * " (p. 547). To the same effect, see *Oneta* v. *Tocci Co.* (271 App. Div. 681, 683, affd. 297 N. Y. 629).

In the circumstances disclosed by this record, we do not believe it may be said that the second assault upon plaintiff by the defendant Finnegan was an act done in the course of his employment " in furtherance of " defendant-appellant's business or interest. This is not a case — as are those cited by the Trial Judge and relied on by the plaintiff (*De Wald* v. *Seidenberg,* 297 N. Y. 335; *Mott* v. *Consumers' Ice Co.,* 73 N. Y. 543, *supra*; *Cohen* v. *Dry Dock, E. B. & B. R. R. Co.,* 69 N. Y. 170) — where the employee, though overly aggressive in adopting methods not authorized by his employer, was nevertheless carrying out the duties specifically enjoined upon him at the time of the wrong. In each of those cases the ultimate result which the employee was attempting to effect by the use of force or personal violence was an act which the employee had been authorized to perform in furtherance of his employer's interest. Not so in our present case where the evidence clearly demonstrates that the conduct of the defendant Finnegan — through lack of judgment and while under the influence of temper unprovoked by the plaintiff — went beyond the line of his duty or authority and inflicted injury upon the plaintiff which was not justified.

The assault committed by the driver Finnegan accomplished nothing which might be said to have benefited, or to have been intended to benefit his employer. Upon the facts of record, including the fact that Finnegan — having first struck the plaintiff and having been pulled away by intervening bus passengers — later sought out the plaintiff and kicked him in the face while he was kneeling on one knee, inflicting the injuries of which complaint is made, it is clear that the sole purpose of the driver's second unprovoked assault upon the plaintiff was prompted by unrighteous anger on the part of the defendant Finnegan.

The trial court took the position that '' The exchange of information upon the happening of an accident is an integral part of the operation of the truck '' for which Finnegan concededly was employed by defendant-appellant. Assuming that to be true, we do not think it follows that the employer, New York Tribune, Inc., can be held legally responsible for the second attack upon plaintiff by Finnegan which occurred subsequent to plaintiff's request to see Finnegan's license and at a time when plaintiff had walked away from Finnegan and had abandoned his efforts to exchange license numbers with him. If, as the Trial Justice said, '' the driver * * * is engaged to submit credentials when circumstances require it '', it is clear that, at the time of plaintiff's injury, the driver Finnegan was not only *not* pursuing the course directed by his employment, but, on the contrary, he had already refused to perform the duty so imposed upon him and had chosen physical violence for purposes of his own. The assault upon plaintiff was something more than imperfect performance of the duty to submit credentials when circumstances required; it was a positive refusal to act as impliedly directed by the employer New York Tribune, Inc., thereby constituting a willfull departure from the employer's business and the furtherance of its interests.

Giving the plaintiff the benefit of every favorable inference which may reasonably be drawn from the facts of record, we do not believe it may be said that the assault committed upon plaintiff by the defendant Finnegan was an act within the course of the driver's employment in furtherance of the interests of the employer, New York Tribune, Inc.

Accordingly, the judgments should be reversed and the complaint dismissed as to defendant New York Tribune, Inc., with costs in all courts.

DYE, J. (dissenting). I dissent and vote to affirm. We deal with an affirmed finding of fact that Finnegan at the time was engaged in the scope of his employment (*Osipoff* v. *City of New York*, 286 N. Y. 422, 431); that an issue of fact existed is conceded by stipulation " that all questions of law and fact be submitted to the Court to be decided and to be determined by the Court " (the jury having been waived). The court below has unanimously approved the finding of the trial court that: " The corporate defendant placed the individual defendant in charge of its truck and in the operation of the truck its driver was using the public highway and charged with duties arising therefrom. The exchange of information upon the happening of an accident is an integral part of the operation of the truck. The latter is incapable of separation from the former and the driver consequently is engaged to submit credentials when circumstances require it."

The exchange of information as to credentials was an integral element in the operation of defendant's truck (Vehicle and Traffic Law, § 70, subd. 5-a). The driver's refusal to exchange such information, followed by wanton assault does not excuse his employer from the consequences. It is no different in principle than the liability attaching to an owner for injuries to others occasioned by the negligent, reckless or wanton operation of the vehicle. True, the defendant did not hire Finnegan to commit an assault on others, but by the same token it did not authorize him to refuse to do a required act.

The judgment should be affirmed, with costs.

CONWAY, DESMOND, FULD and FROESSEL, JJ., concur with LEWIS, Ch. J.; DYE, J., dissents in opinion; VAN VOORHIS, J., taking no part.

Judgments reversed, etc.