Bubke, J.
A jury awarded plaintiff a verdict against defendant, the proprietor of a bar and grill, for an assault committed by defendant’s bartender. Upon appeal by defendant the Appellate Division, having affirmed the facts, reversed the judgment entered on the jury verdict and directed the dismissal of the complaint “ upon the law alone ” on the ground that the evidence adduced failed to establish the fact or warrant the conclusion that the assault by the bartender was within the scope of his employment or in furtherance of his employer’s interests.
In view of the Appellate Division’s disposition, the sole question presented for our review is whether upon this record we can say that as a matter of law there is no evidence that the assault by the bartender was within the scope of his employment and in furtherance of his employer’s interests. This inquiry, of course, proceeds under the familiar rule that where the complaint has been dismissed the evidence adduced at the trial must be considered in aspect most favorable to the plaintiff and the plaintiff is entitled to the benefit of every reasonable inference flowing therefrom (De Wald v. Seidenberg, 297 N. Y. 335, 336-337; Osipoff v. City of New York, 286 N. Y. 422, 425).
The abbreviated record submitted on this appeal discloses the following testimony. The plaintiff testified that she left her home at approximately 8 o’clock in the evening, intending to visit a motion picture theatre. Discovering that she had seen the motion pictures which were being exhibited at the theatre, the plaintiff decided to patronize a tavern nearby. In the course of four hours, she drank five glasses of beer. She then wended her way to the defendant’s establishment in search of a frequent patron, a man with whom she was living. The *534 bartender, the nephew of the defendant, informed her that her friend had gone. Then he refused her order for a glass of beer because she appeared “ rather unruly ” and “ intoxicated ”. After upbraiding the bartender in a loud voice, she departed from the defendant’s establishment and entered an adjoining bar where she ordered and received a small glass of beer. While she was drinking the beer she heard the sound of breaking glass. Taking her glass of beer with her, plaintiff proceeded to investigate the cause thereof. Beaching the door she observed the defendant’s bartender sweeping broken glass from the sidewalk. He accused her of breaking the window of defendant’s establishment. She denied breaking the window. However, she, annoyed at the accusation, threw her glass of beer to the sidewalk, smashing the glass. Whereupon the defendant’s bartender asserted that perhaps she did not break the window and said “We will make a peace. Come in and I will give you the beer ”. She accepted the invitation, entered, and sat at the end stool of the bar in accordance with his instructions. The bartender continued to the opposite end of the bar. After removing his apron, he returned to the plaintiff, grasped her by the shoulders, pushed her off the stool, forced her to the sidewalk, knocked her down, and proceeded to assault her with his feet. Noticing that her injuries prevented her from walking, he offered to pay for transportation to her home in a taxicab.
Defendant was present at his establishment throughout the evening, working in the kitchen as a chef. He saw the plaintiff when she was leaving the bar after upbraiding the bartender. He rushed into the dining portion of the establishment when he heard the window break. The version of the circumstances surrounding the breaking of the window given by the bartender is at variance with the description stated by the plaintiff. According to the bartender, while attending bar, he heard a crash of glass. He looked out and saw plaintiff with a bottle or a glass in her hand. He saw her throw the bottle or the glass and then the other window came down. At this point in time a car came along. She entered the car and drove away. He also denied that he struck her.
Upon this record we cannot say that as a matter of law there was no evidence presented from which it could be reasonably inferred that the bartender’s assault — though undertaken *535 through a lack of discretion or infirmity of temperament — was committed in the scope of his employment and in furtherance of his employer’s interests. The circumstances that the assault took place a considerable period of time after the bartender’s original refusal to serve the plaintiff and after the window was broken are not sufficient justification for concluding that as a matter of law the assault was not committed within the scope of the bartender’s, employment and in furtherance of his employer’s interests. From the fact that the bartender refused to serve the plaintiff when she first entered the defendant’s establishment because she appeared “ rather unruly ” and “ intoxicated ” and from the fact that he suspected and accused her of breaking his employer’s window, it may reasonably be inferred that the bartender believed that she was in an irascible mood and would persist in destroying his employer’s property and in disturbing the peace and order of his employer’s establishment if he did not take steps to prevent her. The perpetration of the assault for either of these purposes — protecting his employer’s property from further damage and me maintenance of peace and order therein—would have been pursuant to unexpressed rules and in the performance of duties enjoined upon him by his employment and in the furtherance of his employer’s interests (cf. De Wald v. Seidenberg, 297 N. Y. 335, 338, supra). That the assault was not the most prudent or expeditious manner of accomplishing either purpose does not exclude it from the scope of the bartender’s employment. Ás we said in the De Wald case (supra): “ It is established law in this jurisdiction that — * The master who puts the servant in a place of trust or responsibility, or commits to him the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority, and inflicts an unjustifiable injury upon another.’ (Cohen v. Dry Dock, East Broadway & Battery R. R. Co., 69 N. Y. 170, 173; Rounds v. Delaware, Lackawanna & Western R. R. Co., 64 N. Y. 129, 136; Mott v. Consumers’ Ice Co., 73 N. Y. 543, 547; Palmeri v. Manhattan Ry. Co., 133 N. Y. 261, 264; Buck v. Standard Oil Co. of N. Y., 224 App. Div. 299, affd. 249 N. Y. 595; Osipoff v. City of New York, supra, pp. 431-432.) ” (P. 338.)
*536 As there was evidence presented from which a jury could find that the assault was within the scope of the bartender’s employment and in furtherance of his employer’s interests, it was error to reverse the judgment entered upon their verdict and to direct the dismissal of the complaint as a matter of law.
None of the recent decisions by this court dictates or indicates that a contrary result should follow in this case. The cases where we have recently denied recovery to a plaintiff where liability was attempted to be imposed upon an employer as a result of an assault by his employee, are clearly distinguishable. For example, in Bracco v. Arro Sportswear Co. (3 N Y 2d 726), where the plaintiff, a truck driver who had parked his truck in a parking lot, was assaulted by the driver of a station wagon who arrived later and parked his vehicle 50 feet away on the other side of the parking lot, there was no basis for an inference that the assault was in furtherance of the employer’s interests because the plaintiff’s truck was so far removed from the station wagon and the entrance to the parking lot that it neither interfered with the movement of the station wagon nor its means of ingress to or egress from the parking lot, and there was no other evidence from which such an inference could flow. In Sauter v. New York Tribune (305 N. Y. 442), where the plaintiff, a bus driver, was kicked in the face by the defendant’s employee, a truck driver, as he kneeled down to copy the registration number from the rear plate of the truck after the accident happened and after the defendant’s employee had refused to give him his license, there was no basis for an inference that the assault was in furtherance of the employer’s interests because plaintiff had indicated that his only purpose in alighting from the bus was to exchange information and there was no other evidence from which such an inference could be made, and the majority of the court declared that even assuming the exchange of information upon the happening of an accident is an integral part of the operation of a truck, the defendant’s employee here was “ not only not pursuing the course directed by his employment, but, on the contrary, he had already refused to perform the duty so imposed upon him and had chosen physical violence for purposes of his own.” (P. 446.) Similarly, in Oneta v. Tocci Co. (271 App. Div. 681, affd, 297 N, Y. 629), where plaintiff, a porter and elevator *537 operator in a building, was assaulted by defendant’s employee who went to the building to collect waste paper during the course of an argument over the location of a hand truck which defendant’s employee had been accustomed to using, there was no basis for an inference that the assault was in furtherance of the employer’s interests because although the use of the hand truck would have facilitated the collection of the paper, it was clear from plaintiff’s testimony that the assault was not provoked by the failure to obtain the hand truck, but by plaintiff’s attitude, and there was no other evidence from which such an inference could flow.
As the Appellate Division affirmed the facts while reversing on the law, we are obligated to reinstate the judgment of the trial court (Anderson v. Bee Line, 1 N Y 2d 169, 175; Osipoff v. City of New York, 286 N. Y. 422, supra).
The judgment of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the judgment of the Trial Term reinstated.