Froessel, J. (dissenting).
In this action for assault, plaintiff has recovered a judgment of $12,500 against defendant, the owner of a tavern, because of acts committed by his bartender. Viewing the evidence in the light most favorable to plaintiff, as we must, it is clear that when the bartender refused plaintiff’s order for a glass of beer because she appeared rather unruly and intoxicated, he was obeying the law as well as acting in furtherance of his master’s business. When she left, voicing her displeasure, and entered the bar next door, the episode was ended.
Some time thereafter, at about 12:30 a.m. or later, the tavern window was smashed. As plaintiff was on the sidewalk observing the bartender sweeping up the remnants, a discussion between them ensued, as stated in the majority opinion. She manifested no intention of returning to and patronizing defendant’s tavern, but the bartender on his own account invited her to have a beer, and certainly not in furtherance of his master’s business. When she readily accepted his invitation, he for reasons of his own directed her to sit at the end stool of the bar, walked to the opposite end, and, stepping outside of his service, removed his apron. Then, without regard to his master’s business but to vent his personal spleen, he violently assaulted her. The majority nevertheless hold that a jury *538 could find that the bartender was acting within the scope of his employment and in furtherance of his employer’s business.
We see no difference between the bartender’s conduct and that of the truck driver in Sauter v. New York Tribune (305 N. Y. 442, 446), when he kicked the plaintiff bus driver in the face immediately after a collision. Here, as in that case, the employee was “ not only not pursuing the course directed by his employment, but, on the contrary, * * * had chosen physical violence for purposes of his own ”. So in Oneta v. Tocci Co. (297 N. Y. 629) where the defendant’s employee, after a conversation about a hand truck, and without provocation, gratuitously assaulted the plaintiff elevator operator, just as the driver did in Bracco v. Arro Sportswear Co. (3 N Y 2d 726) when he assaulted plaintiff who had parked his car nearby. In each of these three cases a judgment entered upon a verdict of the jury in favor of the plaintiff was reversed and the complaint dismissed. (See, also, Trebitsch v. Goelet Leasing Co., 252 N. Y. 554; Muller v. Hillenbrand, 227 N. Y. 448.)
Plaintiff, upon whom rested the burden of proof, simply failed to establish that the bartender was engaged within the scope of his employment or in furtherance of the master’s business. The evidence conclusively showed that at the time of the assault there was no employer’s interest to protect, and no business of his to further.
There is here no basis in the evidence to justify an inference “ that the bartender believed that she was in an irascible mood and would persist in destroying his employer’s property and in disturbing the peace and order of his employer’s establishment if he did not take steps to prevent her ”. Such assumption amounts to nothing less than the sheerest speculation, in which we may not permit a jury to indulge — particularly in view of plaintiff’s readiness to “make peace”, and her immediate acceptance of the bartender’s invitation to have another beer, in the course of the sidewalk conversation, and demeaning herself appropriately when in the tavern the second time.
De Wald v. Seidenberg (297 N. Y. 335, 337), where a superintendent was endeavoring to enforce against a tenant “a rule promulgated by his employers ”, is quite inapposite, as pointed out in Sauter v. New York Tribune (supra) by Chief Judge Lewis, who wrote for the court in both cases. In the Sauter case he said (p. 445); “ This is pot & cqse — qs ” De Wald v. *539 Seidenberg {supra) “ —where the employee, though overly aggressive in adopting methods not authorized by his employer, was nevertheless carrying out the duties specifically enjoined upon him at the time of the wrong.” Continuing, he stated: “the evidence [in the Sauter case] clearly demonstrates that the conduct of the defendant * * * —through lack of judgment and while under the influence of temper unprovoked by the plaintiff—went beyond the line of his duty or authority and inflicted injury upon the plaintiff which was not justified. ’ ’
Such is the situation here. If a master can be held responsible for such acts of his servant as were the bartender’s in this case, then he becomes nothing less than an insurer against the most wanton acts of his employee.
We dissent, and vote to affirm, with costs.
Chief Judge Conway and Judges Dye and Fuld concur with Judge Burke ; Judge Froessel dissents in an opinion in which Judges Desmond and Van Voorhis concur.
Judgment reversed, etc.