▉ ALFONSO GIBILARO, Respondent, v. LOMAX TRADING CORP., Appellant, et al., Defendant.— In an action to recover damages for personal injury sustained as the result of an assault upon plaintiff by the defendant Martinez, an employee of the defendant Lomax Trading Corporation, the said corporation appeals, by permission of this court, from an order of the Appellate Term of the Supreme Court, dated May 29, 1964, which: (1) reversed a judgment of the Civil Court of the City of New York, setting aside a verdict in plaintiff's favor against it and dismissing the complaint; (2) reinstated said verdict; and (3) directed entry of a judgment thereon in plaintiff's favor. Order of the Appellate Term reversed on the law, without costs, and judgment of the Civil Court of the City of New York reinstated. If we did not reverse upon the law, we would affirm the findings of fact implicit in the jury's verdict and would have affirmed the order of the Appellate Term reinstating the verdict. Plaintiff testified in substance that he made a "sidewalk" delivery of three cartons to the corporation. The corporation's employee, defendant Martinez, accompanied plaintiff to the street with a hand truck, but refused to sign the bill of lading. When plaintiff offered to assist in loading the cartons onto the hand truck, Martinez struck him and uttered vile language. A fight ensued, but passersby stopped it. Martinez then took two of the cartons to his employer's (the corporation's) premises on the tenth floor of the building. Upon his return he told plaintiff that his boss (the president of the corporation) wanted to see him (the plaintiff) upstairs; thereupon Martinez and the plaintiff went up together in the elevator. Plaintiff stepped off the elevator first. As they both walked toward the corporation's office, Martinez assaulted plaintiff from the rear with a hammer. The corporation's president testified that Martinez was in charge of receiving shipments and was authorized to sign bills of lading; that in the instant situation involving a sidewalk delivery, he (the president) had instructed Martinez to sign after receiving the goods; and that he (the president) never authorized Martinez to use force. There were no other witnesses. In our opinion, the evidence adduced failed as a matter of law to establish the fact or to provide a reasonable basis for the conclusion that, when Martinez assaulted the plaintiff, Martinez was acting within the scope of his employment or in furtherance of his employer's business interests (cf. *Sauter* v. *New York Tribune,* 305 N. Y. 442). Kleinfeld, Christ, Hill and Rabin, JJ., concur; Beldock, P. J., dissents and votes to affirm the order of the Appellate Term, with the following memorandum: The majority vote for reversal of the Appellate Term's order and for the dismissal of the complaint proceeds on two theories: (1) that plaintiff went willingly to the defendant corporation employer's office on the tenth floor of the building; and (2) that the employee Martinez was not doing anything to further his employer's interests at the time of the assault. In my opinion, the testimony refutes both grounds. The president of the defendant corporation admitted that this was a sidewalk delivery and that Martinez had authority to sign the bill of lading for such

sidewalk delivery. Martinez, however, refused arbitrarily to sign the bill of lading even after he had brought two of the three cartons up to the tenth floor. There is no denial that at the time of the assault plaintiff was going to the employer's tenth floor office only because Martinez had told plaintiff that his boss, his employer's president, wanted to see him and because he (the plaintiff) had still not obtained the signed bill of lading. This evidence is sufficient to show that plaintiff was neither accompanying Martinez voluntarily nor going to see Martinez' employer's president voluntarily. It is clear that at the time of the assault Martinez was furthering his employer's interests because he was then engaged in the process of enforcing the order of his employer's president that plaintiff come up to see him (the president). The president testified that the corporation's shipping department, which led to the corporation's office, had an area of 2,500 square feet but that it was entirely cluttered by machinery, tables, etc. which had not yet been properly placed, and by cartons which had not yet been opened, because the corporation had only recently moved into the premises. Therefore, the passageway to the corporation's office was necessarily narrow and restricted. When plaintiff and Martinez reached the tenth floor, plaintiff walked out of the elevator first; Martinez, with the 250-pound carton and hand truck, walked behind plaintiff. By proceeding in this manner Martinez was making certain that plaintiff actually would go to his employer's office in accordance with the president's directive that plaintiff go there; Martinez was thus enforcing the directive promulgated by his employer's president and furthering his employer's interests (*De Wald* v. *Seidenberg*, 297 N. Y. 335).