■ ROBERT FRANCELLA, an Infant, by His Mother and Natural Guardian, MARIE FRANCELLA, Respondent, v. 2465 CROTONA AVE. CORP., Appellant; VINCENT DEDERIO, an Infant, et al., Defendants.— Judgment, Supreme Court, Bronx County, entered December 21, 1972, reversed, on the law, as to the corporate defendant-appellant, without costs and without disbursements, and the complaint dismissed as to the defendant-appellant. Though cast in the form of a negligence action, the essential burden of the complaint is that the infant son of appellant's superintendent was also a corporate employee at the time he assaulted the infant plaintiff. On the record before us, we find insufficient evidence adduced to sustain such contention. The occasional and gratuitous services performed by the infant defendant for his mother in connection with the performance of her duties as superintendent do not support a finding that an employment relationship existed between the boy and the owner, even if the latter was aware of such assistance. Moreover, and even if we assume, *arguendo*, the establishment of a master-servant relationship, we find

the record devoid of any proof that the infant defendant, at the time of the assault, "was so engaged in the course of his employment and in furtherance of his employer's business as to make the defendant-appellant liable for the injuries inflicted upon plaintiff." (*Sauter* v. *New York Tribune*, 305 N. Y. 442, 444.) Finally, even if we conclude that the jury could have found an employer-employee relationship created and give full recognition to the exception to the rule above stated when an employer hires or retains an unfit servant (*Hall* v. *Smathers*, 240 N. Y. 486; 37 N. Y. Jur., Master and Servant, §§ 163, 164), we would, were we not dismissing on the law, reverse and remand for a retrial on the ground that the verdict was against the weight of the credible evidence. At best, Mrs. Francella's testimony indicated that the infant defendant was mischievous and sometimes combative, but falls short of establishing that the corporate defendant knowingly and negligently retained a servant with vicious or dangerous propensities. Concur — Markewich, J. P., Murphy, Tilzer and Lane, JJ.; Kupferman, J., dissents in the following memorandum: The son (then 12 years old) of the superintendent of the building owned by the defendant performed janitorial services there to the knowledge of the defendant's president. He was known (and his behavior so indicated) to have vicious propensities. The Trial Judge made a proper submission to the jury of whether, among other things, "this was a condition of her employment; whether Vincent was doing this merely because he was helping his mother without the acceptance by the employer of the benefits of such work; whether the employer knowingly permitted him to act as an assistant superintendent of the premises as claimed by the plaintiffs, or whether his position on the premises was merely as a child of a superintendent and was merely doing what a child of that age would do to help his mother." The jury found for the plaintiffs. This was within their province. (*Simon* v. *Ora Realty Corp.*, 1 N Y 2d 388.) In the recent case of *Vincent* v. *Riggi & Sons* (30 N Y 2d 406), the Court of Appeals went so far as to say that even contributory negligence was no defense when the employee is under 14 years of age (Labor Law, § 130) and injures himself. "The casual and even trivial nature of the employment makes no difference." (p. 410). In New York Jurisprudence (vol. 37, Master and Servant, § 163, pp. 42–43), we find the following: "§ 163. Assaults. Except in the situation in which responsibility of a master for an assault by a servant upon a third person is traceable to the master's negligent hiring of a person with vicious propensities, the test of a master's liability for an assault committed by his servant is whether the act complained of was done in furtherance of the master's business and was incidental to the performance of the duties entrusted to him by the master; it is not sufficient merely to show that the servant was engaged in the master's work at the time of the assault. There is no liability of the master if the assault is the outgrowth of a personal dispute in which the servant was involved, notwithstanding that the assault has a factual connection with the employment." In *De Wald* v. *Seidenberg*, (297 N. Y. 335, 338), the Court of Appeals stated: "It is established law in this jurisdiction that — 'The master who puts the servant in a place of trust or responsibility, or commits to him the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority, and inflicts an unjustifiable injury upon another.' (citing cases) (see, also, *Hall* v. *Smathers*, 240 N. Y. 486). Once the employment is established, as here,

we have a dual basis for finding liability. There is no reason here for disturbing the jury's determination, and I would affirm.