■ RICHARD FERRARO, an Infant, by His Father and Natural Guardian, JOHN FERRARO, Respondent, et al., Plaintiff, v. CHILDREN'S BUS SERVICE, INC., Appellant.— In an action to recover damages for an assault allegedly committed upon the infant plaintiff by defendant's employee, defendant appeals from a judgment of the Supreme Court, Kings County, entered March 20, 1973, in said plaintiff's favor, upon successive jury verdicts as to the issues of liability and damages, the verdict as to damages being in the amount of $165,000. Judgment reversed, on the law, and new trial granted as to all the issues, with costs to abide the event. The appeal did not present questions of fact. At the trial the infant plaintiff's proof was to the effect that a driver for defendant, a bus company, struck the infant in the face after accusing him of throwing snowballs at defendant's bus and breaking its windshield. The infant plaintiff, who was nine years old, denied throwing any snowballs. The driver, testifying for defendant bus company, denied striking the boy. He testified that he confronted the boy in order to ascertain his name so as to be able to report it to the bus company, as required. The trial court charged the jury that, if the driver in fact struck the boy, they could find in the latter's favor. The court refused to submit to the jury, as requested by defendant, the question as to whether the assault had been committed within the scope of the driver's employment or in furtherance of his employer's interests. Trial Term erred in refusing to so charge. (*Sims* v. *Bergamo,* 3 N Y 2d 531; *De Wald* v. *Seidenberg,* 297 N. Y. 335.) Upon this record, we cannot say as a matter of law that the driver's alleged conduct was committed within the scope of his employment or in furtherance of his employer's interests. This was a factual issue which should have been charged to the jury in accordance with defendant's request. Gulotta, P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.