Titone, J.
(concurring). I agree with the Court’s holding that defendant cannot be held liable, vicariously or otherwise, for the injuries plaintiff sustained when he was assaulted by a worker whom defendant had engaged. I part company with the majority, however, in its analysis of both the facts and the applicable legal principles. Accordingly, I write separately to explain the basis of my vote to affirm.
Initially, I note my disagreement with the conclusion, critical to the majority’s rationale, that defendant did not exercise any actual or constructive control over "the performance and manner in which the work of these unloaders was performed.” The "unloaders” were individuals who frequented the neighborhood looking for odd jobs. They had no special expertise and no special relationship to defendant’s business such as would empower them to make the necessary decisions as to *898 how the unloading work was to be performed. The sole function of these itinerant workers was to remove the sacks of rice they were told to remove from plaintiffs truck and to place those sacks where defendant’s owner-manager wanted them placed. Indeed, defendant’s owner-manager testified during his deposition that he told the apparent leader of the three workers where the men were to place the sacks of rice each time they unloaded the truck. Moreover, it is apparent from the agreed-upon facts that the men did not have the authority to choose when or where to perform the unloading.
It is at best implausible to suggest under these circumstances that as a matter of law it was the workers, rather than defendant, who were in control of the conduct of the work (see, majority mem, at 897). As the comments to the Restatement (Second) of Agency indicate, ”[u]nskilled labor is usually performed by those customarily regarded as servants, and a laborer is almost always a servant in spite of the fact that he may nominally contract to do a specified job for a specified price” (§ 220 [2] [d], comment i [emphasis supplied]). Further, where, as here, the workers have neither control over the results produced nor the means used to achieve the results, they could readily be found not to be in control of the work (see, Matter of Ted Is Back Corp. [Roberts], 64 NY2d 725, 726; Matter of 12 Cornelia St. [Ross] 56 NY2d 895, 897; Matter of Sullivan Co. [Miller] 289 NY 110, 112). Accordingly, in my view, it is unreasonable to hold, as the majority has, that there was not even a fair question of fact as to the status of the itinerant workers.
More importantly, it is not necessary in this case to grapple with the question of who had control over the work, since the answer to that question has no legal significance in the context of the present dispute. The control question is relevant to resolving whether the three itinerant workers were "independent contractors” or were instead "employees” of defendant (see, e.g., Matter of Ted Is Back Corp. [Roberts] supra). However, in this case involving an assault, it is not important whether the workers were "employees” or "independent contractors,” since, regardless of the status of the three men, there is no legal basis for holding defendant vicariously liable for the assault.*
*899 Although an employer is often held liable for the torts of employees (see, Cornell v State of New York, 46 NY2d 1032), an employer cannot be held liable for an employee’s assaultive acts where the tortious conduct was not undertaken within the scope of employment, the employer did not authorize the violence and the use of force is not within the discretionary authority afforded the employee (e.g., Sauter v New York Tribune, 305 NY 442; Braceo v Arro Sportswear Co., 3 NY2d 726; Gibilaro v Lomax Trading Corp., 22 AD2d 703, affd 16 NY2d 898; Oneta v Toed Co., 271 App Div 681, affd 297 NY 629; see, Sims v Bergamo, 3 NY2d 531; see generally, Restatement [Second] of Agency §§235, 245; Prosser and Keeton, Torts § 70, at 505-507 [5th ed]). In fact, it is elementary that "if a servant goes outside of his employment, and without regard to his service, acting maliciously, or in order to effect some purpose of his own, wantonly commits a trespass, or causes damage to another, the master is not responsible” (Mott v Consumers’ Ice Co., 73 NY 543, 547).
Almost directly on point is Oneta v Toed Co. (supra), which has twice been cited by this Court with approval (Sims v Bergamo, supra, at 536-537; Sauter v New York Tribune, supra, at 445). In Oneta, an employee of a waste-paper collection service assaulted a building’s porter during an altercation over the location of a hand truck. This Court affirmed a ruling denying the injured porter recovery from the waste-paper collection concern. The Court subsequently explained the Oneta holding by stressing that although the precipitating dispute concerned a tool related to the tortfeasor-employee’s job duties, "there was no basis for an inference that the assault was in furtherance of the employer’s interests” (Sims v Bergamo, supra, at 537).
Here, as in Oneta, the assault occurred while the tortfeasorworker was engaged in the employer’s business, but there was no connection between the assault and the tortfeasor’s duties as a day laborer. The assault was not undertaken in furtherance of defendant’s business, nor was the use of force implicit in the tortfeasor’s duties (cf., Sims v Bergamo, supra; De Wald v Seidenberg, 297 NY 335, 338). Finally, there was no claim that the assault was authorized, instigated or condoned by defendant’s manager. Thus, even if we were to assume that the assaultive worker was an employee of defendant, defendant could not be held vicariously liable for the worker’s wrongful act.
*900 Based on the foregoing, I would hold that the Court below properly granted defendant’s motion for summary judgment dismissing the complaint. Inasmuch as plaintiff could not benefit from a finding that the tortfeasor was an "employee” of defendant, I find no need to explore the status of degree or control over the work that these itinerants had, nor do I perceive a reason to enmesh the Court in the essentially factual question of a particular hiree’s status (see, e.g., Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 521; Matter of Concourse Ophthalmology Assocs. [Roberts] 60 NY2d 734; Matter of Di Martino [Buffalo Courier Express Co. — Ross] 59 NY2d 638). Accordingly, my vote is to affirm for the simple reason that regardless of defendant’s control over the unloading work, it was not liable for the worker’s entirely separate assaultive conduct.
Chief Judge Kaye and Judges Simons, Bellacosa, Smith and Ciparick concur; Judge Titone concurs in result in an opinion in which Judge Levine concurs.
Order affirmed, with costs, in a memorandum.

 I have no quarrel with the majority’s conclusion that there was no basis for holding defendant liable for its own alleged negligence in failing adequately to screen its laborers or in failing to intervene at an earlier point, when plaintiff complained about the assaultive worker’s verbal abuse.