■ JUDITH M., Appellant, v SISTERS OF CHARITY HOSPITAL et al., Respondents. [671 NYS2d 400] —Judgment and order affirmed without costs. Memorandum: We affirm for reasons stated in the decision at Supreme Court (Howe, J.). We add only that, with respect to plaintiff's cause of action against defendant Sisters of Charity Hospital (Hospital) for negligent hiring, supervision or retention, the Hospital met its initial burden of establishing that defendant Daryl Ziccarelli, its employee, had no history of, or propensity for, sexual misconduct (*see generally,* PJI 2:240; *see also, Park v New York Cent. & Hudson River R. R. Co.,* 155 NY 215, 218-219; *Gallo v Dugan,* 228 AD2d 376, *lv denied* 90 NY2d 806). Plaintiff's showing in response that the Hospital had reason to suspect such history or propensity was insufficient to raise an issue of fact. "Suspicion, surmise and accusation are not enough to defeat a motion for summary judgment" (*Pappalardo v Meisel,* 112 AD2d 277, 278; *see also, Shapiro v Health Ins. Plan,* 7 NY2d 56, 63).

All concur except Lawton and Balio, JJ., who dissent and vote to reverse in the following Memorandum.

Lawton and Balio, JJ. (dissenting). We respectfully dissent. Plaintiff through admissible evidence has raised questions of fact on both theories of liability, viz., that defendant Sisters of Charity Hospital (Hospital) was vicariously liable for the actions of its employee and that the Hospital was negligent in retaining the employee when it knew or reasonably should have known of the propensity of the employee to use his position to sexually abuse female patients. Where, as here, an employer places an employee in control of a patient, and the employee, while performing assigned duties, uses that opportunity to sexually abuse that patient, there may be liability on the part of the employer. Thus, if an employee's duties require that a close personal relationship involving trust be established between the employee and a patient, it is not sufficient to state that acts of sexual abuse are outside the course of the employee's employment (*see, Cynthia S. v State of New York,* 222 AD2d 1129; *see generally, De Wald v Seidenberg,* 297 NY 335, 338). In this instance, it was the duty of the employee, an orderly, to bathe the patient's entire body. Moreover, the Hospital could have exercised control over the employee's actions, i.e., bathing the patient. If, as alleged, the employee used that opportunity to sexually abuse the patient by wrong-

ful and improper touching, then the Hospital could be held liable. In a similar vein, a proprietor of a bar has been held liable for an assault of a patron by a bartender (*see, Sims v Bergamo,* 3 NY2d 531, 534-535; *see generally, De Wald v Seidenberg, supra; Young Bai Choi v D & D Novelties,* 157 AD2d 777, 778). Consequently, we would reverse the judgment and order and deny the motion of the Hospital. (Appeal from Judgment and Order of Supreme Court, Erie County, Howe, J.— Summary Judgment.) Present—Denman, P. J., Lawton, Wisner, Balio and Fallon, JJ.