■ Octavio C. Ramos, Appellant, v Jake Realty Co. et al., Respondents. [801 NYS2d 566]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered April 5, 2004, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff was the president of a tenants' association at 635 West 170th Street, a building owned by defendant Jake Realty Co. Defendant Pine Management, Inc. was the building's managing agent. The tenants were dissatisfied with the landlord's alleged failure to make necessary repairs and provide essential services, including the maintenance and repair of fire escapes. Plaintiff had made numerous complaints about the building's condition, and he was actively involved in mobilizing tenants to call for corrective action. In protest of defendants' actions, the tenants were conducting a rent strike.

Plaintiff asserts that as a result of his activity, he had received

a number of threats from defendants' employees. He claims to have reported these to building management. One morning during the rent strike, plaintiff was videotaping an inspection of the fire escape outside his apartment when he was assaulted by the building's superintendent. He then brought this action against defendants, alleging common-law negligence in the ownership, operation and maintenance of the premises, and negligent hiring and supervision of the superintendent. Plaintiff did not specifically plead a claim based upon respondeat superior. At the close of discovery, defendants moved for summary judgment. The motion court granted the application and dismissed the complaint. We reverse.

Summary judgment must be denied if it is shown that there are issues of fact supporting an actionable claim. This is regardless of whether the cause of action was properly pleaded in the complaint (*see Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 279 [1978]; *Bailey v Diamond Intl. Corp.*, 47 AD2d 363, 365 [1975]).

Plaintiff's opposition to the motion for summary judgment in this case was sufficient to raise an issue as to defendants' vicarious liability for the superintendent's actions under the doctrine of respondeat superior (*Riviello v Waldron*, 47 NY2d 297 [1979]). An intentional tort, such as the assault here, committed by an employee, can result in liability for his or her employer under respondeat superior if the employee was acting "within the scope of the . . . employment" at the time of the commission of the tort (*see Riviello v Waldron, supra* at 303; *De Wald v Seidenberg*, 297 NY 335 [1948]). "[T]he employer need not have foreseen the precise act or the exact manner of the injury as long as the general type of conduct may have been reasonably expected" (*Riviello, supra* at 304). The determination of whether the doctrine applies depends upon "[t]he connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated." (*Riviello*, 47 NY2d at 303.) The doctrine is premised upon a notion that the employer "is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority, and inflicts an unjustifiable injury upon another" (*De Wald v Seidenberg*, 297 NY 335, 338 [1948]).

Here, defendants' employee, the superintendent, was allegedly angered by plaintiff's videotaping of the building's fire escape, and he assaulted plaintiff during the workday at the work site. While there is no doubt that the superintendent's resort to physical violence was in poor judgment, this in itself does not absolve defendants of liability for his acts (*see Santamarina v Citrynell*, 203 AD2d 57, 59 [1994], citing *Riviello*, 47 NY2d at 303 [question of fact as to whether employer liable for assault committed by its employee under theory of respondeat superior]; *Sims v Bergamo*, 3 NY2d 531 [1957] [reasonable inference that assault was committed in furtherance of employer's interest]).

There is no evidence that the superintendent had any personal motivation for the assault. His animus, shared by management, was about the rent strike. In addition, the superintendent assaulted plaintiff in a specific attempt to prevent him from collecting evidence, via the videotaped inspection of the fire escape, to support the tenants' case. Certainly, defendants' interests would be furthered by preventing tenants from collecting evidence to support their applications for rent abatements. Thus, there is an issue of fact as to whether the superintendent was acting within the scope of his employment when he committed the assault.

Accordingly, we reverse the order appealed, reinstate the complaint, and deem it amended to assert a claim for vicarious liability based upon respondeat superior (*see Rivera v New York City Tr. Auth.*, 11 AD3d 333 [2004]; *Weinstock v Handler*, 254 AD2d 165 [1998]). Concur—Buckley, P.J., Tom, Mazzarelli, Ellerin and Gonzalez, JJ.