■ LUIS NUNEZ, Appellant, v CARYL & BROADWAY, INC., et al., Respondents. [819 NYS2d 3]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered July 11, 2005, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to reinstate the first and third causes of action as against defendant Novas, and otherwise affirmed, without costs.

Plaintiff testified at deposition that he was staying at a friend's apartment while the friend was away for several weeks when the building's superintendent, defendant Novas, knocked on the door and told him that he was dropping off mail. As plaintiff opened the door, Novas entered along with three other men whom plaintiff did not know and had not seen through the peephole. The three men then began to severely beat plaintiff with dangerous instruments they had brought along, asking plaintiff about money he knew nothing about. Novas remained in the apartment for about five minutes observing the attack, and then left while it was ongoing. The complaint contains three causes of action. The first alleges that Novas was negligent in "ushering" the assailants into the apartment and in failing to assist plaintiff once the attack began, and seeks to hold the owner and managing agent vicariously liable on the theory of respondeat superior. The second alleges that the landlord and managing agent were negligent in hiring and supervising Novas. The third alleges that Novas directed the assault and did so within the scope of his employment. While Novas denies that he was even present at the time of the assault, plaintiff's testimony raises clear issues of fact as to whether Novas facilitated the assault, negligently or intentionally, and thus the first and third causes of action should not have been dismissed as against Novas. The complaint was properly dismissed as against the owner and managing agent in the absence of evidence that they knew anything about Novas, or the history of criminal activity in the building, that would have made his alleged conduct or this planned attack foreseeable. Plaintiff's argument that Novas ushered the assailant to the apartment "possibly in an attempt to hasten the eviction proceedings which were winding through the courts," i.e., in furtherance of his employment, is pure speculation (cf. *Ramos v Jake Realty Co.*, 21 AD3d 744 [2005]). Concur—Andrias, J.P., Marlow, Sweeny, McGuire and Malone, JJ. [*See* 9 Misc 3d 1103(A), 2005 NY Slip Op 51383(U) (2005).]