CONCORD VILLAGE OWNERS, INC., Respondent, v KEYSPAN CORPORATION, Appellant, et al., Defendants. (And a Third-Party Action.) [891 NYS2d 400]

The motion court providently exercised its discretion in granting reargument (*see Sheridan v Very, Ltd.*, 56 AD3d 305 [2008]; *Security Pac. Natl. Bank v Evans*, 31 AD3d 278, 281 [2006], *appeal dismissed* 8 NY3d 837 [2007]). Keyspan was on notice of the theory alleging that it was negligent in failing to provide complete and accurate information as to the precise location of the ruptured gas line, since the theory had been advanced in the complaint of another party in the consolidated action, had been raised in plaintiff's opposition papers on the prior motion and had been the subject of extensive deposition testimony (*see Manhattan Ctr. for Early Learning Inc. v New York Child Resource Ctr., Inc.*, 59 AD3d 365 [2009]; *see also Ramos v Jake*

*Realty Co.*, 21 AD3d 744, 745 [2005]). Furthermore, the record demonstrates that there are triable issues of fact as to this theory of liability.

We have considered Keyspan's other contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Acosta, DeGrasse and Román, JJ.