HENRY HORNSTEIN, Appellant, *v.* KOPEL PODWITZ and Others, Respondents.

First Department, May 10, 1929.

*Abraham Hornstein* of counsel [*Hornstein & Hornstein*, attorneys], for the appellant.

*Gabriel Kotcher*, for the respondents Podwitz and Hadassah Realty Corporation, Inc.

*Joseph L. Lefkowitz*, for the respondents Mersel and Hirschhorn.

PER CURIAM. The plaintiff's *prima facie* case established all the essential elements entitling him to recover brokerage commissions from the corporate defendant. At the request of such defendant he disclosed to its president his proposed purchasers, the defendants Mersel and Hirschhorn, and a contract of purchase and sale resulted. The plaintiff was thus entitled to his commissions, notwithstanding the final negotiations which resulted in a meeting of the minds of the parties were conducted by the defendant owner. (*Sibbald* v. *Bethlehem Iron Company*, 83 N. Y. 378.)

The basis of the plaintiff's cause of action has been established on a former appeal to this court as an unlawful interference with his contract rights as thus outlined, by the purchasers, the defendants Mersel and Hirschhorn, conspiring with the corporate defendant

and its president, the defendant Podwitz, to deprive him of his commissions. (*Hornstein* v. *Podwitz*, 224 App. Div. 11.)

The complaint was dismissed at the close of the plaintiff's case upon the ground of failure of proof. We are of the opinion that there was sufficient to require submission to the jury as against the corporate defendant, at least, upon the simple theory of a breach of contract to pay commissions. If necessary, an amendment to conform to the proof would have been permissible. (Civ. Prac. Act, § 105.) There was also evidence which required submission to the jury as against the individual defendants upon the theory upon which the complaint was predicated.

While in ordinary circumstances the statement of the defendant Podwitz, made in the absence of the defendants Mersel and Hirschhorn, would not be binding upon them, it is to be observed that the plaintiff was proceeding upon the theory of conspiracy to which the defendants Mersel and Hirschhorn were parties. The evidence tended to show that these latter defendants, with knowledge of the plaintiff's contract rights, refused to sign the contract of purchase, unless the seller would make an allowance of $1,000 out of the commissions upon the purchase price to which the plaintiff would have been entitled, and that the fact of the contract having been signed and such an allowance made, be concealed from the plaintiff. There was evidence from which the jury might reasonably have inferred that the purchase price of $200,000 had been reduced in the signed contract to $199,000, and to this contract the defendants Mersel and Hirschhorn became parties. In addition the evidence tended to show that $400 of the balance of plaintiff's commissions were divided between other parties, one of whom was an employee of the defendant Podwitz and the other a relative of the defendants Mersel and Hirschhorn. This left $1,200 of the total amount claimed by the plaintiff which sum was offered by Podwitz to plaintiff after the latter had discovered the sale had been made.

From all the evidence we think the jury might have found that Mersel and Hirschhorn were principals in the conspiracy and if so, the statement of Podwitz, made during its continuance and in furtherance thereof, was binding upon them. There was evidence tending to show guilty knowledge on the part of the defendants Mersel and Hirschhorn and their participation in the wrong to the plaintiff. When charged by the plaintiff and his son with bad faith, and told that Podwitz had made a full disclosure to them of the real facts surrounding the sale, they denied that they had purchased the property or would purchase it. At the time of such denials, the contract had already been entered into.

It follows that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

Present — Dowling, P. J., Merrell, Martin, O'Malley and Proskauer, JJ.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.