Yetta Sagorsky et al., Copartners Doing Business under the
Name of I. S. Sagorsky & Son, Appellants, *v.* B. H. Malyon,
as One of the Underwriters at Lloyd's, London, Subscribing
Policy No. 49/30726, Respondent.

Argued October 6, 1954; decided December 2, 1954.

*Paul D. Compton* and *Eugene Wollan* for appellants. I. Plain-
tiffs' prima facie case was established by undisputed evidence.
II. The Appellate Division erred in dismissing the complaint.
(*Holtfoth* v. *Rochester Gen. Hosp.,* 304 N. Y. 27; *Faber* v. *City
of New York,* 213 N. Y. 411; *Osipoff* v. *City of New York,* 286
N. Y. 422; *De Wald* v. *Seidenberg,* 297 N. Y. 335; *Dunham* v.
*Village of Canisteo,* 303 N. Y. 498.)

*Brendan C. Kelly* for respondent.   I. Plaintiffs failed to prove that the alleged loss of jewelry was covered by the terms and provisions of Jeweller's Block Policy No. 49/30726 and specifically failed to show that the loss was not excluded by paragraph 9 of the exceptions contained in said policy.   (*Hallas* v. *North Riv. Ins. Co. of N. Y.,* 279 App. Div. 15, 303 N. Y. 903; *Greenberg* v. *Rhode Is. Ins. Co.,* 188 Misc. 23; *Kelly* v. *Supreme Council of Catholic Mut. Benefit Assn.,* 46 App. Div. 79; *Ruvelson* v. *St. Paul Fire & Marine Ins. Co.,* 235 Minn. 243; *Kinscherf Co.* v. *St. Paul Fire & Marine Ins. Co.,* 234 App. Div. 385; *Drieblatt* v. *Taylor,* 188 Misc. 199; *Fidelity & Deposit Co. of Maryland* v. *Spokane Interstate Fair Assn.,* 8 F. 2d 224; *Seelig* v. *St. Paul Fire & Marine Ins. Co.,* 109 F. Supp. 277; *Krantz* v. *Piedmont Fire Ins. Co.,* 196 Misc. 849; *Princess Ring Co.* v. *Home Ins. Co.,* 52 R. I. 481.)   II. The verdict of the jury is contrary to the weight of the evidence submitted by defendant.   (*Bath Nat. Bank* v. *Sonnenstrahl, Inc.,* 249 N. Y. 391; *Murtha* v. *Ridley,* 232 N. Y. 488; *People* v. *Davis,* 231 N. Y. 60.)   III. A jury is not permitted to base its verdict on guesswork, speculation or surmise.   (*Matter of 54 Cafe & Restaurant* v. *O'Connell,* 274 App. Div. 428, 298 N. Y. 883; *Matter of Case,* 214 N. Y. 199; *Manufacturers Trust Co.* v. *Gray,* 278 N. Y. 380; *Matter of Roessler,* 171 Misc. 306; *Demjanik* v. *Kultau,* 242 App. Div. 255; *Von Reitzenstein* v. *Tomlinson,* 249 N. Y. 60; *Lucas* v. *International Paper Co.,* 131 App. Div. 368; *Holtfoth* v. *Rochester Gen. Hosp.,* 304 N. Y. 27; *Dunham* v. *Village of Canisteo,* 303 N. Y. 498; *De Wald* v. *Seidenberg,* 297 N. Y. 335.)

*Per Curiam.*   Plaintiffs sued defendant on an insurance policy which insured them in the sum of $40,000 against the loss of jewelry belonging to them " arising from any cause whatsoever ".   The policy excepted from coverage a case where the loss occurred while the property was in or upon any automobile unless at the time of loss there was actually in or upon such vehicle the assured or a permanent employee of the assured, or a person whose sole duty it was to attend the vehicle.   The Trial Judge charged the jury that the sole question was whether, at the time of loss of the jewelry — by theft — the automobile in which one of the plaintiffs had placed the jewelry was attended

by the assured or a permanent employee of the assured, or a person whose sole duty it was to attend the vehicle. The jury resolved that question in favor of plaintiffs. The Appellate Division reversed, upon questions of law and fact, and dismissed the complaint on the grounds: (1) that the verdict is against the weight of the evidence, and (2) that the evidence leads inevitably to the conclusion that at the time of the theft there was not '' actually in or upon '' the vehicle in question '' a person whose sole duty it was to attend the vehicle.''

The Appellate Division is without power to dismiss a complaint upon the ground that the verdict of the jury is against the weight of evidence when plaintiff has made out a prima facie case. Its power in such a case is limited to the ordering of a new trial. (See *Caldwell* v. *Nicolson,* 235 N. Y. 209, 212; *Imbrey* v. *Prudential Ins. Co.,* 286 N. Y. 434, 440–441.) The issue to be resolved, then, is whether the plaintiffs made out a prima facie case. In determining that question in favor of plaintiffs, we have been guided by the rule that the facts adduced at the trial are to be considered in the aspect most favorable to plaintiffs and that plaintiffs are entitled to the benefit of every favorable inference which can reasonably be drawn from those facts (*De Wald* v. *Seidenberg,* 297 N. Y. 335, 336–337; *Osipoff* v. *City of New York,* 286 N. Y. 422, 425; *Faber* v. *City of New York,* 213 N. Y. 411, 414).

We pass upon no other question.

The judgment should be reversed and a new trial granted, with costs to abide the event.

DYE, J. (dissenting). The only issue in this case turns on whether the loss of the valuable case of jewelry from the assured's rented automobile occurred '' whilst * * * there [was] *actually in or upon such vehicle, the Assured or a perma-nent employee of the Assured, or a person whose sole duty it is to attend the vehicle* ''. (Jewellers' Block Policy, #49/30726, Exception, par. 9; emphasis supplied.)

Concededly, when the loss occurred the '' Assured '' or '' a permanent employee of the Assured '' was not actually in or upon the rented automobile, thus leaving only the single question of whether the garage employee to whom the assured had

entrusted the automobile containing the case of jewelry was " actually in or upon such vehicle " and was " a person whose sole duty it is to attend the vehicle ". The evidence as to these prerequisite essentials for recovery shows that the garage employee was at the time engaged in performing the duties incident to his job as garage manager, in the course of which he left the automobile unattended, a fact which counsel for plaintiffs concedes, " except for not more than one minute ". There is in addition uncontradicted testimony of two disinterested third persons who had parked their respective automobiles on the public street near the garage entrance and were able to observe that while the assured's rented car was standing unattended in the doorway of the garage, a man opened the door, took out a case (similar in appearance to the jewelry case that was lost) and walked hurriedly down the street.

The only reasonable inference to be drawn from such evidence, and here there is no basis for denying its conclusiveness (*Hull* v. *Littauer*, 162 N. Y. 569), is that at the time of the theft the vehicle was unattended.

In such a state of the record the trial court erred as a matter of law in failing to grant defendant's motion for a dismissal of the complaint and when this was denied, for a directed verdict in its favor. For such failure the reversal in the Appellate Division was proper. Nothing to the contrary turns on the circumstance that in dismissing the plaintiffs' complaint the court below used the phrase " The verdict is against the weight of the evidence " since the reversal was upon " questions of fact and of law ". When they stated that " The evidence leads inevitably to the conclusion that at the time of the theft " the vehicle was unattended, they thereby recognized as a matter of law that the exception of the exclusion clause had not been successfully overcome, which required a dismissal of the complaint rather than the granting of a new trial.

The most favorable inference rule cannot serve to justify the granting of a new trial in this instance. That is available to an appellant only when there is evidence presenting a question of fact (*De Wald* v. *Seidenberg*, 297 N. Y. 335). Here, as the record shows, there is not a scintilla of evidence to support an inference that the loss occurred within the coverage of the policy.

It all points to the simple conclusory fact that the loss occurred while the vehicle was, in fact, unattended. It has long been the rule — and still is — that " ' insufficient evidence is, in the eye of the law, no evidence.' " (*Matter of Case,* 214 N. Y. 199, 203.)

We do not read the *Caldwell* and *Imbrey* cases cited in the majority opinion as compelling the granting of a new trial. Here the uncontroverted testimony negates plaintiffs' right to recover and requires dismissal of the complaint. We note that in each of the cited cases issues of fact were presented which had not been disposed of, thereby rendering a dismissal of the complaint improper.

The judgment dismissing the complaint should be affirmed, with costs to the respondent.

LEWIS, Ch. J., CONWAY, DESMOND and FROESSEL, JJ., concur in *Per Curiam* opinion; DYE, J., dissents in opinion in which VAN VOORHIS, J., concurs; FULD, J., taking no part.

Judgment reversed, etc.