ROSA BULL, Appellant, *v.* BROADWAY AND STATE CO., INC., Respondent.

HAROLD N. BULL, Appellant, *v.* BROADWAY AND STATE CO., INC., Respondent.

Third Department, June 16, 1955.

*Charles J. Ranney* and *Anthony T. Pitkiewicz* for appellants.

*E. Stewart Jones* and *Arthur L. Rosen* for respondent.

ZELLER, J. The plaintiff wife sued to recover damages for personal injuries allegedly caused by the negligence of the defendant in maintaining a stairway. Her husband brought an action for medical expenses and loss of services. At the conclusion of the plaintiffs' case, the motion of the defendant for a nonsuit, on the grounds that no actionable negligence had been established and that the plaintiff wife was negligent in a contributory sense, was granted and the complaints were dismissed. This appeal followed. It is well established that upon a motion for a nonsuit the truth of the evidence presented by the plaintiff should be assumed and all reasonable inferences should be drawn therefrom. (*Sagorsky* v. *Malyon,* 307 N. Y. 584; *Peck* v. *Towns Hosp.,* 275 App. Div. 302.) With those principles for guidance, the evidence produced by the plaintiffs on the trial and the inferences which may be drawn therefrom are summarized herein.

The defendant owns a five-story office building in Albany. Stairways connect the floors and elevator service is also provided except nights, Saturday afternoons and Sundays. The stairway from the fourth-floor hallway to the third-floor hallway has sixteen steps. (They are referred to herein in descending order, the step nearest the fourth floor being called number one and the step nearest the third floor being labeled number sixteen.) The stairway contains two turns, each bearing to the right as one descends towards the third floor. The turn nearest the fourth floor is more than a right-angle turn and is accomplished by means of two radial steps converging at a post on the right-hand side; the first fan-shaped step, which is actually the second step from the fourth floor, has a tread which measures approximately four inches at the post and sixteen inches at the opposite or wall side of the stairway; the lower fan-shaped step is approximately the same size. The next seven steps are conventional but the succeeding three steps converge at a post on the right-hand side and are radial or fan-shaped

and form the second turn which is one of approximately ninety degrees. At the post, the treads measure one and a half inches. Three more conventional steps complete the stairway to the third-floor hallway. All the stair treads are of slate stone composition and dark gray in color.

A handrail extends from a post on the fourth floor to the post at the first turn. There is a second handrail from the post at the first turn downward to a point above the tenth stair where it is fastened to the post located at the second turn. Another handrail, extending downward to a post on the third floor, is attached to the post at the second turn, but below the turn and above the fourteenth step. Because of the turn, if the handrails were attached to each other, they would form a right angle. Also, because of the turn and the consequent drop in the level of the stairway, the handrail extending from the second turn post to the third floor is attached to the post at a point two feet and four inches below the place where the handrail running from the post at the first turn is attached to the post. The handrails, supported by balustrades, are located on the right-hand side of the stairway — the same side on which the narrow part of the treads of the fan-shaped stairs are located. There are no handrails on the opposite or wall side of the stairway. Above the converging fan-shaped treads of the eleventh, twelfth and thirteenth steps there is no handrail but the post occupies this space. There is no light above the stairway proper but an electric light socket with a bulb is attached to the wall of the third-floor hallway and a portion of its rays strike the balustrade causing shadows on the stairway.

The plaintiff wife had been employed as a dental assistant in an office on the fourth floor of the building for two weeks prior to the accident. She had never previously used the stairways but finding the elevator not in service on Saturday afternoon, she started to leave the building by such means. As she went down from the fourth floor she could see the steps in front of her but not too well because the artificial light filtered through the balustrades from the third-floor hallway wall. She had her right hand on the railing and when she got to the tenth step (the last conventional one before the second turn) she stepped forward with her right foot and it went into space and she fell and was injured.

In our opinion, the record discloses evidence from which a jury could find that, because of the location of the only handrails on the right-hand side of the stairway, the plaintiff wife was guided and invited to use that side and thus encounter the very

smallest part of the treads of the radial steps; that the stairway proper was not lighted in a manner sufficient to reveal the exact nature of the second turn; that the plaintiff wife had no adequate warning that the narrow parts of the treads of the fan-shaped stairs at the second turn were smaller than at the first turn; and that there was no proper support which she could grasp as she stepped into the second turn. Under such circumstances, a conclusion that the defendant was negligent in maintaining the stairway could properly be reached. The conduct of the plaintiff wife and the observations she made as she proceeded down the stairs do not require a holding as a matter of law that she was negligent in any manner which contributed to the happening of the accident. It is true that she testified that she saw the steps as she descended but there is a difference between seeing the steps and observing the danger of a particular turn and a question of fact exists as to whether she conducted herself as an ordinary prudent person would have under the same circumstances.

In support of its position, the defendant relies strongly upon *Brown* v. *Mutual Life Ins. Co. of N. Y.* (273 App. Div. 817, affd. 298 N. Y. 675), where the plaintiff's complaint based upon negligence arising out of a fall upon a fan-shaped stairway was dismissed. The case holds that in the absence of proof that the radial stairway was constructed in violation of any statute or ordinance or that any similar accident happened in the forty years of its existence, no liability attaches to the owner of the building ''when, concededly, the stairway was well lighted.'' Although the appellants here made no attempt to establish that the stairway was constructed in violation of any statute, ordinance or regulation nor did they prove any prior accident, they did present sufficient proof from which it could be inferred that the stairway was not adequately lighted. In the *Brown* case the handrail was continuous and not, as here, located on the side of the stairway where the treads on the radial steps were the narrowest, but on the side of the stairway where the fan-shaped steps obtained their maximum width. Hence, the cases are distinguishable upon the facts. The case on appeal more nearly approximates that of *Galligan* v. *Druidan Real Estate Co.* (266 N. Y. 445) where a verdict for the plaintiff was sustained where '' There was evidence tending to prove that she was caused to fall by reason of the narrowness of the fan-shaped step at that place, the lack of a proper handrail, and the lack of adequate light.''

The order and judgment should be reversed upon the law, with costs to abide the event and a new trial ordered.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Order and judgment reversed, on the law, with costs to abide the event, and a new trial ordered.

The order to be entered shall state " Judgment reversed on the law ".