Burke, J.
Plaintiffs instituted this action to foreclose two mortgages covering the same premises. The first mortgage, dated May 25,1951, in the amount of $1,618, was given to plaintiffs by. Salvatore A. Pane and Louise L. Pane, his wife. The second mortgage, dated December 27, 1952, in the sum of $750 was given plaintiffs by Salvatore A. Pane. At the time the first mortgage was executed, Salvatore A. Pane and Louise L. Pane owned the mortgaged premises as tenants by the entirety. Prior to the execution of the second mortgage and on August 14, 1952, Louise L. Pane, by quitclaim deed, conveyed her interest in the property to Salvatore A. Pane.
The defendant, Louise L. Pane, did not appear or answer the complaint and did not testify at the trial.
The defendant, Salvatore A. Pane, by answer, admitted the execution of the two mortgages and their nonpayment. However, in a counterclaim interposed by him, he alleged that he was fraudulently induced to execute the mortgages in reliance on false representations made to him by plaintiff, Edward T. Kline, that he had loaned money to Mrs. Pane, and that she was indebted to him in the amounts of the mortgages, when in fact, the money given by Mr. Kline to Mrs. Pane were gifts, not loans. He requests that the mortgages be rescinded and vacated.
The action was tried in the County Court, Columbia County, before the court and a jury. A motion by plaintiffs at the close *18 of the evidence to dismiss the counterclaim on the ground that there was no legal evidence to support it was denied. The jury rendered a unanimous verdict in favor of the defendant, Salvatore A. Pane, on his counterclaim. Thereafter a judgment was entered which rescinded, cancelled and vacated of record both of the mortgages.
On appeal to the Appellate Division the judgment was reversed on the law and the facts. The Appellate Division held that the evidence was insufficient to sustain the counterclaim and that the motion to dismiss should have been granted. It also held that the judgment was erroneous insofar as it rescinded and cancelled the first mortgage as a lien upon the interest of Louise L. Pane in the property.
Although the Appellate Division’s reversal was on the law and the facts, as this is a jury case, the only issue before this court is whether the defendant Salvatore A. Pane made out a prima facie case on his counterclaim. (Sagorsky v. Malyon, 307 N. Y. 584; Stein v. Palisi, 308 N. Y. 293.)
In the resolution of this question, moreover, the evidence adduced must be ¡considered in the aspect most favorable to the defendant, and he is entitled to the benefit of every reasonable inference which may be drawn therefrom (Osipoff v. City of New York, 286 N. Y. 422; Sagorsky v. Maylon, 307 N. Y. 584, supra; Stein v. Palisi, 308 N. Y. 293, supra).
Though the recollections of the Panes’ neighbors as to the conversation between Mrs. Pane and Mr. Kline were admittedly generally vague, those portions of the conversation to which they were permitted to testify were definitely and clearly recalled. True there was no reference to the mortgages, but the conversation had definite probative value in reaching a determination as to whether the moneys given to Mrs. Pane by Mr. Kline were gifts or loans. Indeed, the statement, “ You don’t have to worry. Anything you ever got from me is a gift ’ ’, allegedly made to Mrs. Pane by Mr. Kline directly bears on that issue. That statement, together with Mr. Kline’s testimony with respect to his relationship with Mrs. Pane, the amounts of the various sums of money he gave to Mrs. Pane, the circumstances under which these sums were given, and the purposes for which they were given, might well warrant a jury finding that the moneys given Mrs. Pane were gifts, not loans.
Furthermore, in view of the defendant’s claim that he was *19 fraudulently induced to execute the mortgages and did not discover the fraud until after both mortgages were executed, the evidence adduced by the plaintiffs to negate this claim was of dubious value. For example, proof that he was an experienced businessman, that he raised no objection to the amounts or as to the indebtedness, that he freely admitted the execution of the mortgages, or that he reaffirmed his indebtedness on the first mortgage almost a year and a half after it was executed by executing the second mortgage, are not inconsistent with the conduct of an individual who claims to have been deceived into thinking he was executing mortgages for valid obligations incurred by his wife. Nor can any significance be attached to the circumstance that these mortgages were drawn up by an attorney when, as in this case, the attorney testified that he had not participated in or was familiar with the transactions surrounding the giving of the money, and in fact represented all the parties at the time of the preparation of the mortgages.
We conclude that on all the evidence adduced, the defendant Salvatore A. Pane established a prima facie case on his counterclaim, and consequently the dismissal was erroneous.
The Appellate Division properly reversed that portion of the judgment which rescinded and vacated the first mortgage between the plaintiffs and Mrs. Louise L. Pane. When she executed the mortgage she had an interest in the land. The mortgage became a lien at that time. When she conveyed her interest to her husband, she conveyed it subject to that lien. As she defaulted in appearing or answering the complaint in the foreclosure action on the first mortgage, the plaintiffs were entitled to a judgment to the extent of her interest in the property at the time of the execution by her of the mortgage. (Hiles v. Fisher, 144 N. Y. 306; Neilitz v. Neilitz, 307 N. Y. 882.)
The judgment of the County Court, Columbia County, should be modified insofar as it dismisses defendant Salvatore A. Pane’s counterclaim and a new trial granted thereon and, as so modified, affirmed, with costs to abide the event.
Conway, Ch. J., Desmond, Ftjld, Fboessel and Van Voobhis, JJ., concur; Dye, J., taking no part. -
Judgment accordingly.