■ DONALD S. POTTER, Doing Business as POTTER REAL ESTATE COMPANY, et al., Appellants, v. SALINA-GENESEE CORPORATION, Respondent, et al., Defendants.— Judgment affirmed, with costs. Memorandum: We find no competent evidence in the record that the plaintiffs produced a customer ready and willing to buy upon the terms at which the property in question was sold. All concur, except Williams and Halpern, JJ., who dissent and vote for reversal in the following memorandum: We dissent insofar as the determination of this court affirms the dismissal of the cause of action for breach of a contract by Salina-Genesee Corporation to pay commissions to plaintiffs. The motion was granted at the close of plaintiffs' case, therefore the plaintiffs are entitled to have the matter reviewed in the light of the facts and inferences most favorable to them. If a prima facie case was established, there must be a reversal and a new trial (*Sagorsky* v. *Malyon*, 307 N. Y. 584; *Scheuer* v. *Scheuer*, 308 N. Y. 447, 450; *Marino* v. *Alliaud*, 8 A D 2d 100). The proof shows that plaintiffs were given

the property for sale; that they procured the prospect who eventually purchased the property; that they advised Salina of the identity of the prospect and negotiated with the prospect at the direction and upon the encouragement of Salina; and that they actually procured an offer for the property at the price, and upon the terms, at which the property was eventually sold to such prospect. There was every element of proof necessary to establish a prima facie case. "If the broker produces a person ready and willing to enter into a contract upon his employer's terms, he has earned his commissions". (*Tanenbaum* v. *Boehm*, 202 N. Y. 293, 299.) "If a broker's communication with a purchaser brings the purchaser and the owner together and the sale results in consequence, brought about by the broker's action as a procuring cause, the broker may be entitled to his commission although he did not negotiate between the parties, was not present at the sale and the owner did not even know that the customer was found by the broker (*Lloyd* v. *Matthews*, 51 N. Y. 124; *Kalmanson* v. *Callahan*, 276 App. Div. 983)." (*Salzano* v. *Pellillo*, 4 A D 2d 789, 790.) " The plaintiff's *prima facie* case established all the essential elements entitling him to recover brokerage commissions from the corporate defendant. At the request of such defendant he disclosed to its president his proposed purchasers * * * and a contract of purchase and sale resulted. The plaintiff was thus entitled to his commissions, notwithstanding the final negotiations which resulted in a meeting of the minds of the parties were conducted by the defendant owner." (*Hornstein* v. *Podwitz*, 226 App. Div. 53, appeal dismissed 254 N. Y. 443; see, also, 6 N. Y. Jur., Brokers, §§ 101–103, 111.) The judgment in favor of Salina should be reversed. (Appeal from a judgment of Onondaga Trial Term dismissing the complaint as to defendant Salina-Genesee Corp., on motion by said defendant at the close of plaintiff's case, in an action in fraud and conspiracy.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.