HAROLD MICHAELS, Appellant, v. GANNETT Co., INC., Sued Herein as ROCHESTER DEMOCRAT & CHRONICLE, Respondent.

Fourth Department, May 5, 1960.

Karz, Michaels & Buetens (Julius H. Michaels of counsel), for appellant.

Nixon, Hargrave, Devans & Dey (W. Clyde O'Brien of counsel), for respondent.

Per Curiam. The plaintiff sued for libel because of an article published in the defendant's newspaper, which is widely circulated in Rochester, New York, where the plaintiff lives. The article stated that liens had been filed by the United States Government against "Harold Michaels and the Old Chateau Restaurant" for unpaid taxes of various kinds, including "excise and withholding" and "federal unemployment, withholding and miscellaneous". The total unpaid claims were said to amount to $131,239.88. The article identified the Harold Michaels referred to as the Michaels who "lives at 620 Broadway". The liens were said to be "against Michaels doing business as The Chateau, a night spot at 1886 Monroe Ave., which since has given way to a gasoline service station".

The plaintiff's name is Harold Michaels and he lives at 620 Broadway in the City of Rochester. The defendant concededly intended to refer to a different person bearing the same name but, by mistake, the newspaper published the plaintiff's address instead of the address of the Harold Michaels to whom it intended to refer.

The proof upon the trial showed that the plaintiff was in the produce business in the City of Rochester and had never had any connection with the Chateau Restaurant. The court sustained the defendant's objection to a question put to the plaintiff as to what others had said to him about the article but the plaintiff was allowed to testify that, after the publication of the article, some of his friends and acquaintances had "shied away" from him, asked him questions about the article, mentioned the article to him in an embarrassed manner or "acted very funny".

The defendant rested without offering any proof and moved to dismiss the complaint. The court granted the motion, apparently upon two grounds: (1) that the article was not defamatory; (2) that the plaintiff had failed to prove that the article was published "of and concerning" him.

As to both issues, we think that questions of fact were presented which should have been submitted to the jury.

(1) The article was susceptible of a defamatory meaning, particularly with respect to the charge that taxes which had been withheld by "Harold Michaels", had not been turned over to the government. A jury would have been justified in finding that the article tended to expose the person to whom it referred to "hatred, contempt or aversion" or that it tended "to induce an evil or unsavory opinion of him in the minds of a substantial number of the community" (*Mencher* v. *Chesley*, 297 N. Y. 94, 100). Furthermore, the charge that he was in default in the payment of a large sum of money for taxes obviously injured his financial standing and business credit (Restatement, Torts, §§ 559, 614).

(2) The identification of the person referred to in the article by name and street address identical in all respects with that of the plaintiff was sufficient, under the circumstances of this case, to warrant a finding by the jury that the article was published "of and concerning" the plaintiff. It is true that, according to the plaintiff's own testimony, he was in a different line of business from that which gave rise to the tax liens mentioned in the article but this did not render it impossible for persons who read the article to believe that the plaintiff was the one referred to; they may well have thought that the plaintiff had a secret interest in a night club in addition to his generally known business.

That the defendant did not intend to refer to the plaintiff and that the publication of the plaintiff's street address was a mistake is, under the settled law, immaterial. The test is not what the defendant intended in fact but what the readers of

the article reasonably understood the defendant to have intended (*Corrigan* v. *Bobbs-Merrill Co.,* 228 N. Y. 58; Restatement, Torts, §§ 564, 579).

The defendant argues that the plaintiff's case was deficient in that the plaintiff failed to call readers of the article as witnesses to prove that they believed that the article referred to the plaintiff. It is unnecessary to decide, upon this appeal, whether such testimony would have been admissible under the authorities in this State. It has been held that the testimony of third persons that they understood the defamatory statement to refer to the plaintiff is not admissible, either upon the ground that this is improper opinion evidence upon a question which the court and jury are to decide (*Van Vechten* v. *Hopkins,* 5 Johns. 211, 225–226; cf. *Julian* v. *American Business Consultants,* 2 N Y 2d 1, 19) or upon the ground that such evidence would unduly complicate the trial (cf. *Linehan* v. *Nelson,* 197 N. Y. 482). However, evidence as to the reaction of third persons has been held to be admissible in New York State on the issue of damages (*Bishop* v. *New York Times,* 233 N. Y. 446; *Macy* v. *New York World-Telegram,* 2 N Y 2d 416) and, in most jurisdictions, the view prevails that the evidence is admissible both on the issue of damages and on the issue of the application of the defamation to the plaintiff. (33 Am. Jur., Libel and Slander, § 263, p. 243; Restatement, Torts, § 564, *comment b*; Odgers, Libel and Slander [6th ed.], p. 559.) At any rate, if, as the defendant contends, the testimony of third persons as to their belief would have been admissible upon the trial, the testimony of the plaintiff as to declarations by third persons to him would have been equally admissible and this testimony was thwarted by the defendant's objection. The generally prevailing view is that where the belief of third persons is relevant, it may be proved by their declarations as well as by their direct testimony. This is a well-recognized exception to the hearsay rule, which is frequently applied in libel actions. '' [W]hen a person's feelings or beliefs are relevant, his declaration is competent evidence of their existence '' (LEARNED HAND, Ch. J., in *Mattox* v. *News Syndicate Co.,* 176 F. 2d 897, 903, cert. denied 338 U. S. 858; 6 Wigmore, Evidence, § 1731; *Herrmann* v. *Newark Morning Ledger Co.,* 48 N. J. Super. 420; Ann. 12 A. L. R. 2d 1005, 1018; Uniform Rules of Evidence, Rule 63 (12) ; cf. *Bishop* v. *New York Times,* 233 N. Y. 446, 454, *supra*; *Macy* v. *New York World-Telegram,* 2 N Y 2d 416, 421–422, *supra*).

In any event, affirmative proof that readers of the article believed that it referred to the plaintiff, either by the direct testimony of the readers or by evidence of their declarations,

is not essential to the establishing of a prima facie case where, as here, the defamatory article identified the plaintiff by his full and correct name and address.

Since this was a jury case, it is elementary that the dismissal of the complaint cannot be sustained if the plaintiff established a prima facie case. The plaintiff is, of course, " entitled to the benefit of every favorable inference which can reasonably be drawn " from the evidence (*Sagorsky* v. *Malyon*, 307 N. Y. 584, 586). The cases cited by the defendant on this point are cases which were tried without a jury, where the court has the power to decide the facts as well as the law, and to dismiss the complaint on the basis of its view of the facts (*Kazansky* v. *Bergman*, 4 A D 2d 79, 85; cf. *Marino* v. *Alliaud*, 8 A D 2d 100).

The judgment of dismissal and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — WILLIAMS, P. J., BASTOW, HALPERN, MCCLUSKY and HENRY, JJ.

Judgment and order unanimously reversed on the law and a new trial granted, with costs to the appellant to abide the event.