■ WILLIAM MEYER, Appellant, v. WEST END EQUITIES, INC., Respondent.

APPEAL from judgment of the Supreme Court in favor of defendant, entered July 1, 1960, in New York County, upon a dismissal of the complaint by the court at a Trial Term at the end of plaintiff's case.

MEMORANDUM BY THE COURT. The evidence in this case reveals that plaintiff, a few days prior to the accident, had visited the premises and observed the condition and construction of the ramp, the slope or incline of which he characterized as "steep." The plaintiff testified that on the day of the accident while descending the ramp he felt gravel under his feet, and as a result he slipped and fell, thereby sustaining certain injuries. The testimony revealed that the gravel came from the retaining wall of a church adjacent to the premises. The plaintiff testified that prior to beginning his descent he observed gravel on the slope of the ramp and that he advised his employee to be careful in going down. Though it was testified that there was a drop of 1 foot for every 3 feet of incline of the 36-foot ramp, there was no evidence that this violated any law or contravened any safe standard of construction. Thus there is no evidence of faulty construction or of any statutory violation, no evidence of improper maintenance, nor testimony of any previous accident, although the ramp had existed since 1931. (*Brown* v. *Mutual Life Ins. Co.*, 298 N. Y. 675.) While we have held "'General usage or custom may be shown in order to establish a standard of construction or equipment'" (*Berman* v. *H. J. Enterprises*, 13 A D 2d 199, 201), there was no such evidence here. In the *Berman* case, in the examination of the plaintiff's expert a foundation was properly laid prior to the eliciting of his opinion. In the case before us there was no such proper foundation laid by the plaintiff in the interrogation of his expert. Furthermore, as stated by the trial court, the plaintiff was guilty of contributory negligence, and it might be pointed out that there were other means of ingress equally available. The plaintiff testified that he was empty-handed and preceded his employee down the ramp to insure that the employee could safely bring the machine down. It was testified that there was a side entrance level with the street, and that there was also a stairway adjacent to the ramp which led to the basement and the service entrance, either of which could have been used. For the reasons stated the judgment should be affirmed.

VALENTE, J. (dissenting). In this action to recover damages for personal injuries, the complaint was dismissed at the close of plaintiff's case. Therefore, the evidence must be accorded the benefit of every favorable inference which can reasonably be drawn therefrom. (*Stein* v. *Palisi*, 308 N. Y. 293, 294; *Sagorsky* v. *Malyon*, 307 N. Y. 584, 586.) Plaintiff was injured when he slipped and fell while descending a ramp at the service entrance of a building which plaintiff was about to enter to clean the carpets of a tenant. The ramp was 36 feet long and dropped in altitude 12 feet from the sidewalk down to

the level of the yard. The angle of descent was about 30 degrees — a gradient of 1 foot for each 3 feet.

In dismissing the complaint, the Trial Judge found there was no showing of negligence based on the construction of the ramp and that plaintiff was contributorily negligent as a matter of law. The conclusion as to contributory negligence was predicated on plaintiff's failure to use a staircase that adjoined the ramp. Whether or not plaintiff's conduct in descending on the ramp rather than using the stairs was contributory negligence under the circumstances was a question for the jury. (See *Majeski* v. *Russ Realty Corp.*, 3 A D 2d 739.)

Moreover, the refusal of the Trial Judge to permit plaintiff's expert to testify that the ramp was not constructed in accordance with standard construction was reversible error. We held in *Berman* v. *H. J. Enterprises* (13 A D 2d 199, 201), that: "'General usage or custom may be shown in order to establish a standard of construction or equipment. When a question of negligence is involved the general usage or practice is competent to show either ordinary care or the failure to exercise such care.'" Hence, plaintiff should have been permitted to show by his expert whether or not there was a custom in the building trade with regard to the construction of ramps and to adduce an opinion as to whether a 1 and 3 pitch was proper.

Additionally, a prima facie case was presented as to whether a 30-degree pitch was so severe as to permit a jury to find that such a construction was inherently dangerous based on common knowledge or experience.

I would, therefore, reverse the judgment and grant a new trial.

Breitel, McNally and Stevens, JJ., concur in Memorandum by the court; Valente, J., dissents in opinion in which Botein, P. J., concurs.

Judgment affirmed, with costs to respondent.