■ FRANK HALLORAN et al., Respondents, v VIRGINIA CHEMICALS INCORPORATED, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. CROWN CAN COMPANY et al., Third-Party Defendants-Respondents.—In an action to recover damages for personal injuries, etc., predicated upon claims of negligence and breach of warranty, defendant Virginia Chemicals Incorporated appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Queens County, entered December 4, 1974, after a jury trial limited to the issue of liability, as (1) is in favor of plaintiffs and against it on the cause of action for breach of warranty upon the jury verdict and (2) adjudges, upon the determination of the trial court, that it is liable to defendant A & E Auto Glass & Service Corporation upon the latter's cross claim against it for indemnification. Virginia Chemicals also purports to appeal from so much of the judgment as dismisses its third-party complaint. The judgment however, apparently through oversight, fails to contain a provision dismissing the third-party complaint. Interlocutory judgment affirmed insofar as appealed from, with one bill of costs jointly to respondents appearing separately and filing separate briefs. Giving plaintiff Frank Halloran, an automobile mechanic, benefit of every favorable inference which can reasonably be drawn from the facts (see *Sagorsky v Malyon,* 307 NY 584, 586), he established a prima facie case of breach of warranty; that claim was properly submitted to the jury (see *Codling v Paglia,* 32 NY2d 330). He established more than the mere happening of an accident; he showed that a canned compressed gas product, known as Charg-A-Car, produced and bottled by Virginia Chemicals, exploded upon normal usage, and was not fit for use. The trial court adequately charged the subject of contributory fault with respect to the cause of action for breach of warranty (see *Codling v Paglia, supra);* its later refusal to grant Virginia Chemicals' request to charge on that subject was proper in view of the prior charge. In our opinion, the trial court did not err in excluding evidence that on occasions prior to June 1, 1970, the date of the accident, plaintiff Frank Halloran was seen to use an immersion coil to heat the water containing the can of freon. Such evidence was collateral; to have received it in evidence would have resulted in "a trial within a trial"; such evidence is not probative of what plaintiff did on June 1, 1970. Were the issue of the propriety of the dismissal of the third-party complaint properly before us, we would affirm such dismissal. Virginia Chemicals adduced evidence that,

upon their receipt, it examined for defects the cans delivered by third-party defendant Crown Can Company and that, in the course of their traversing Virginia Chemicals' production lines, the cans underwent many inspections and any defective cans were rejected. We note that, while the jury did not have to accept this proof vis-à-vis plaintiffs, it was binding against Virginia Chemicals in its third-party action. We would, however, reject Crown Can Company's argument that the third-party complaint did not embrace plaintiffs' breach of warranty claim. Actually, the third-party complaint incorporated by reference all of the causes of action in plaintiffs' complaint by alleging that Virginia Chemicals "begs leave to refer to the entire complaint of plaintiff as if more fully set forth herein". We have examined appellant's other contentions and find no merit to them. Rabin, Acting P. J., Hopkins and Shapiro, JJ., concur; Christ, J., dissents and votes to reverse and grant a new trial, in the interests of justice, as between plaintiffs and defendants, with the following memorandum, in which Munder, J., concurs: The testimony of how the freon was packaged and marketed was extensive, and yet no negligence was shown. In fact, the cause of action based thereon was dismissed. The explosion was unexplained and the events leading to the explosion were uncorroborated, consisting entirely of plaintiff Frank Halloran's rendition of what had transpired on the date of the accident. He also testified that he knew that overheating could be dangerous; on cross-examination he specifically denied that he had ever used an immersion coil to heat the water in which a freon can was warmed. Defendants then offered to produce a witness who would testify that he saw plaintiff Frank Halloran, not once, but several times previously, use an immersion coil to heat water in which a can of freon was placed. He also specifically warned plaintiff that the use of an immersion coil was dangerous and that he could "blow himself up." The trial court excluded this testimony although it was critical to this case, for it bore heavily on the exercise of due care. Such evidence was important and probative concerning plaintiff Frank Halloran's credibility upon a material and most significant fact. Its exclusion was error and highly prejudicial and I would therefore, reverse the judgment and grant a new trial.