Burton S. Sherman, J.
In this small claims action, the plaintiff pleads a cause of action for breach of a contract of sale and one for slander of credit.
The facts, as found, are that the plaintiff purchased furniture from the defendant R.H. Macy’s & Co., Inc. The furniture was to conform to a floor sample. The purchase was charged to plaintiff’s account. There was a long delay and when finally delivered, the furniture did not conform to what plaintiff had ordered. It would take pages to recount the further delay, inspections, phone calls, letters and general frustration which plaintiff suffered in attempting to consummate the sale and furnish his home. And during this time, Macy’s exhibited almost total indifference to the plight of this customer. In any event, the plaintiff finally rejected the merchandise and rescinded the sale. The furniture which had been left at plaintiff’s home, at great inconvenience, was eventually picked up by Macy’s and returned to the store. Between the time of the original purchase and the ultimate return, the plaintiff who was gainfully employed and financially responsible, applied for a Bank American! His application was refused because he was allegedly found to be a poor credit risk. This was partly the result of information furnished by Macy’s. It appears that when the furniture was ordered it was charged to plaintiff’s account. Since there was a delay and ultimate return, the plaintiff did not pay for the merchandise. The original charge to his account was therefore improperly made. Moreover, there was a further delay in crediting the plaintiff’s account with the return of the furniture. The credit advice as to plaintiff’s delinquent payments furnished by Macy’s to the credit bureau involved was therefore false.
At common law, it was an actionable tort to injure by libel or slander the financial standing and business credit of an individual. (Michaels v Gannett Co. 10 AD 2d 417; Restate *987 ment, Torts, §§ 559, 614.) However, on April 25, 1971, the Fair Credit Reporting Act became Federal law. (US Code, tit 15, § 1681 et seq.) Section 1681t of title 15 of the United States Code states that where inconsistent with State law, it shall take precedence over such State law. Subdivision e of section 1681h of the United States Code states in pertinent part: "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, and user of information or any person who furnishes information to a consumer reporting agency, based upon information disclosed * * * except as to false information furnished with malice or willful intent to injure such consumer.”
While the court finds that the credit information furnished by Macy’s was false and it was guilty of negligence, bad management and poor customer relations, there was no evidence nor does it appear that this was done with malice or willful intent to injure. This is of little comfort to the plaintiff. But at least his problem is out in the open and no longer relegated to the secret and cabalistic confines of the credit agency file room. It is strongly suggested that steps be taken by the defendant to remedy the situation and seek re-evaluation of plaintiff’s credit rating. However, the cause of action for slander of credit is dismissed.
As to plaintiff’s action for breach of contract of sale, the court finds that the defendant seller breached the contract. As to damages, the furniture was returned and accepted by the seller and no payment was made by the plaintiff buyer. However section 2-715 of the Uniform Commercial Code states "(1) Incidental damages resulting from the seller’s breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any reasonable expense incident to the delay or other breach.” The incidental damages listed are not intended to be complete but merely illustrate the kinds of incidental damages contemplated by the statute. (See Official Comment, McKinney’s Cons Laws of NY, Book 62 Vi, part 1; Uniform Commercial Code, § 2-717, subd 1.) The court finds that the plaintiff suffered incidental damages of $150 for the care and custody of the goods and for handling and securing the return subsequent to *988 defendant’s breach. Plaintiff shall have judgment of $150 on its cause of action for breach of contract with interest from June 1, 1975 and cost and disbursements.