OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and remitted to that court for consideration of the facts and of other issues not previously addressed.
The record contains some evidence tending to show that defendant had constructive notice of a dangerous condition which allegedly caused injuries to its customer. There was testimony that the injured plaintiff, while shopping in defendant’s store, fell backward, did not come into contact with the shelves, but hit her head directly on the floor where “a lot of broken jars” of baby food lay; that the baby food was “dirty and messy”; that a witness in the immediate vicinity of the accident did not hear any jars falling from the shelves or otherwise breaking during the 15 or 20 minutes prior to the accident; and that the aisle had not been cleaned or inspected for at least 50 minutes prior to the accident — indeed, some evidence was adduced that it was at least two hours.
Viewing the evidence in a light most favorable to the plaintiffs and according plaintiffs the benefit of every reasonable inference (see, Sagorsky v Malyon, 307 NY 584), it cannot be said, as a matter of law, that the circumstantial evidence was insufficient to permit the jury to draw the necessary inference that a slippery condition was created by jars of baby food which had fallen and broken a sufficient length of time prior to the accident to permit defendant’s employees to discover and remedy the condition. (Cf. Cameron v Bohack Co., 27 AD2d 362, 365; Torregrossa v Bohack Corp., 81 AD2d 884; Wheeler v Deutch, 242 App Div 641.) Plaintiffs having made out a prima facie case, .it was error to dismiss the complaint. If the jury verdict be deemed by the Appellate Division to be against the weight of the evidence, that court’s power is limited to ordering a new trial. (Sagorsky v Malyon, supra; see also, Imbrey v Prudential Ins. Co., 286 NY 434, 440-441.)
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and case remitted to the Appellate Division, Second *627 Department, for further proceedings in accordance with the memorandum herein.