Thomas C. Chimera, J.
The question presented by this and the companion motion concerns the return of a deposit on a contract for the purchase of a parcel of property in Yonkers, *1054 N. Y., closing of title to which, in the words of the contract itself (Rider No. 2) was contingent
“ upon the purchaser [plaintiff] obtaining a zone change, variance or special exception use to permit the erection and maintenance of either a hotel or motel on said premises. Secondly, it is further contingent upon the purchaser [plaintiff] obtaining the necessary releases or an adjudication by the New York State Supreme Court that the erection or maintenance of either a hotel or motel will not be in violation of any of the covenants or restrictions hereinbefore referred to. Thirdly, it is contingent upon the seller [defendant] obtaining the removal of the barricade at the easterly end of Henderson Avenue in order to permit ingress and egress to and from Henderson Avenue to the southbound ramp running from the Cross County Parkway to the southbound service road along the New York State Thruway.
11 Both parties agree that, upon the signing of this contract, each will diligently proceed to obtain the elimination of the respective contingencies contained in the preceding paragraph. ’ ’
The contract provided for a “ deposit ” of $7,500 by the purchaser (plaintiff), and among other things, provided also that if the purchaser (plaintiff) failed to obtain both the zoning modification and releases or a favorable judgment relative to the covenants and restrictions within the time specified, purchaser (plaintiff) would have the right to cancel the contract and to the return of the deposit less $2,500 “ as and for the' seller’s liquidated damages.” On the other hand, if purchaser (plaintiff) succeeded on both counts but seller (defendant) failed to remove the barrier in question, purchaser (plaintiff) would be entitled to the return of the “ entire deposit ”.
No provision was made in the contract for the manner of disposition of the “ deposit ” in the event that both parties failed to complete part or all of the acts on their respective parts to be performed.
This strange omission sparks the controversy for which there is no answer in the lawbooks. The problem is one of pure reasoning.
Plaintiff successfully disposed of the covenants and restrictions but failed in its application for a “ zone change ”. The defendant, on the other hand, hardly attempted to cause the removal of the barricade existing at the end of Henderson Avenue.
If the “zone change” were denied because of this barrier, there would be no question of the return of the entire deposit to *1055 plaintiff for then it would be defendant’s failure that frustrated the former’s efforts.
From the papers and the argument it seems abundantly clear that the most important obstacle to plaintiff’s objective was the obtaining of the zoning modification, and in the light of the fact that plaintiff had the ‘1 secondary ’ ’ access to the property available to it at the time of its unsuccessful application for the variance, it is an idle speculation to suggest, as plaintiff hints, that the reason why the application was denied must be ascribed to the failure on the part of defendant to cause the barricade in question to be removed.
The imposition of conditions for the granting of a variance is certainly within the competence of the body authorized to grant such variances and if the removal of the Henderson Avenue barrier could have accomplished plaintiff’s objective, the variance could have been approved on condition that the barrier be removed.
It is strange that no mention was made on the argument of this motion shedding any light on the question whether the removal of the Henderson Avenue barrier was proposed by plaintiff at the hearings before the Common Council, and from all the papers' before the court it does not appear that the removal of the barrier was considered by it. If it had been, then the denial of the variance would justify defendant in ignoring its duty to cause the same to be removed.
Armed with a contract that provides for the removal of the barrier in question, is it likely that plaintiff would not have mentioned this property right which plaintiff now says was an important condition? I think not.
On the other hand, assuming this to be an idle speculation, the only other conclusion to be drawn is that plaintiff made no issue of the removal of the said barrier, in which case, by its own acts, plaintiff establishes that the removal of the barrier was not of the essence of the agreement.
The nature of the transaction and the language of the contract leave no doubt in the court’s mind that the purpose of the provision for liquidated damages was to compensate defendant in some measure for the “ tie-up ” of its property if plaintiff should elect not to take title after the foreseeable long period of time in which the latter would be engaged in the procedures necessary to remove all obstacles to the property’s use for hotel or motel purposes.
And the fact that plaintiff independently and at substantial expense negotiated for a secondary access to the property from *1056 the rear and seems to have grounded his application before the Common Council mainly on the “ secondary ” access, is another strong indication that the removal of the barricade at the easterly end of Henderson Avenue, although desirable, was hardly of the essence of the agreement.
I must rule, therefore, that defendant has substantially complied with the conditions devolving upon it and is entitled to retain the sum of $2,500 from the deposit herein as and for “ liquidated damages ”.
The affidavit of Jules Aronson, attorney for plaintiff, sworn to May 21, 1959, attached to the moving papers submitted on the cross motion is sufficient to overcome the collateral objection of defendant dealing with the reason why said defendant has not made good its alleged tender of the $5,000 admittedly owed to plaintiff.
Accordingly, plaintiff’s motion for summary judgment is granted to the extent above indicated. Plaintiff is entitled to judgment in the sum of $5,000 with interest, the beginning date of such interest period to be fixed in the judgment.
Settle formal judgment with memorandum as to said date.