MALCOLM WHITE, Respondent, and CHESTER CABLE CORP., Intervenor-Respondent, v. GLOBE INDEMNITY COMPANY, Appellant.—

Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

WENDELL BUCKLEY, Appellant, v. DOROTHY ALT et al., as Executors of MANNIE ALT, Deceased, et al., Respondents, et al., Defendants.—

No opinion. Appeal from order entered on May 10, 1960, unanimously dismissed. No opinion. Concur — Rabin, J. P., Valente, McNally and Stevens, JJ.

In the Matter of BEST & CO., INC., Appellant-Respondent, v. TAX COMMISSION OF THE CITY OF NEW YORK, Respondent-Appellant.—

Concur — Valente, J. P., McNally, Stevens, Eager and Steuer, JJ.

MARY A. WILKINSON, Respondent, v. SAMUEL N. WILKINSON, Appellant.—

Plaintiff-respondent consents to the acceptance of an answer. Defendant-appellant, if he be so advised, may serve an answer within 10 days from the entry and service of the order entered hereon setting up the Statute of Limitations by way of defense. We do not pass upon the sufficiency of said defense and the service of the answer is not to affect the position of the cause on the Trial Calendar. Concur — Valente, J. P., McNally, Stevens, Eager and Steuer, JJ.

LAURA MANAGEMENT CORP., Appellant, v. D. F. J. REALTY CORPORATION, Respondent.—

An issue of fact exists as to whether plaintiff's failure to obtain from the Common Council of the City of Yonkers the change of zone was the direct result of defendant's default in removing or causing to be removed the barrier on the easterly end of Henderson Avenue. There may be other issues of fact, but, in any event, the issue above referred to is sufficient to require a trial. Concur — Botein, P. J., McNally, Stevens, Steuer and Noonan, JJ. [19 Misc 2d 1053.]