■ In the Matter of PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK et al., Petitioners, v STUART C. COHEN, Respondent. [634 NYS2d 106] —Petition for writ of prohibition is unanimously denied, and respondent's cross motion to dismiss the proceeding is granted, without costs. Petition for writ of mandamus is unanimously denied, and respondent's cross motion to dismiss the proceeding is granted, without costs; a sanction is imposed against petitioner's attorney in the amount of $1,500, to be paid to the Lawyers' Fund for Client Protection in accordance with Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.3.

The trial of this 19-year old maritime wrongful death action has most recently been stayed pending this Court's decision on appeal of the viability of punitive damage claims. In a related

disposition in February 1995, this Court directed substitution for the Justice who had presided over the case until that point (see, *Matter of Omnium Transp. Co. v Greenfield*, 212 AD2d 388). In an obvious effort to move the case along, respondent, the replacement Justice recently assigned to the case, held a hearing on August 11 in which he sketched out a timetable for proceeding with discovery in the wake of the Appellate Division's decision on the pending punitive damage appeal. Specifically, respondent suggested that the trial commence within 75 days of service of the Appellate Division's order on appeal. In order to facilitate such a schedule, respondent called on the parties to confer with him on the first Friday after release of our decision on that appeal. In the petition for prohibition, petitioner asserts that respondent exceeded his authority in setting the 75-day timetable, ignoring, in the process, counsel's statement that the families of the claimants would need a minimum of 90 days in which to obtain visas to travel here from Brazil.

Aside from the fact that a CPLR article 78 proceeding is wholly inappropriate where more conventional relief is otherwise available (*Matter of Veloz v Rothwax*, 65 NY2d 902), there is no indication, from the transcript of the August 11 hearing, that respondent offered anything more than a suggested timetable to move the case forward in an expeditious manner following disposition of the punitive damage appeal now pending in this Court. As illustration of the flexibility of this timetable, we note respondent's call for a further hearing immediately after announcement of our decision on the appeal, and the fact that respondent's suggested 75-day notice was never reduced to a written order.* Respondent, brought in for the very reason that the case had languished for 19 years, had every right to make this suggestion in furtherance of managing his own court calendar (see, *Matter of Kanter*, 209 AD2d 365, 366). As Justice Breitel long ago noted, it is "ancient and undisputed law that courts have an inherent power over the control of their calendars, and the disposition of business before them, including the order in which disposition will be made of that business" (*Plachte v Bancroft Inc.*, 3 AD2d 437, 438).

Counsel's personal attack on respondent's ability to try this case was wholly unwarranted. Furthermore, there is no basis for counsel's inference that respondent intended to try the case without the filing of a note of issue or statement of readiness.

---

* Nor, for that matter, is there any indication that respondent was ever asked to make such a formal order (cf., *Matter of Grisi v Shainswit*, 119 AD2d 418).

Even more outrageous is the second petition, which seeks to mandamus respondent to issue rulings on three motions (for summary judgment, reargument, and preclusion). After 19 years of litigation, counsel has the temerity to level a frontal assault on the newly assigned Justice for taking more than 60 days to decide these motions! Had counsel himself been more diligent, he would have discerned that each of these motions was in fact decided in a timely fashion, well within the 60 days, and well prior to the filing of this petition.

These are but two of four separate proceedings commenced against respondent in this Court over a period of barely more than five weeks in July-August. We can only surmise that counsel, unhappy with the removal of the initial Trial Justice, is resorting to frivolous tactics in an effort to discredit the present Justice and drive him from the case. A sanction is warranted, as a warning that such purely vexatious conduct will not be tolerated. Concur—Sullivan, J. P., Wallach, Asch and Tom, JJ.