■ GENE GALLO, Respondent, v JOHN DUGAN, Defendant, and TRELL RESTAURANT, INC., Appellant. [644 NYS2d 7]

We agree with defendant that plaintiff has failed to prove, by a preponderance of the evidence, that the employee had a history of, or propensity for, assaultive behavior and that even if such was proven, that plaintiff knew or should have known of such propensity. Further, the employee worked at the subject premises for approximately seven years, and was elevated from busboy to bartender, without any untoward incidents. As a result, a cause of action for negligent hiring or retention does not lie (see, Detone v Bullit Courier Serv., 140 AD2d 278, 280, lv denied 73 NY2d 702; Santamarina v Citrynell, 203 AD2d 57, 59). Nor was there sufficient evidence to demonstrate that the employee's negligent training or supervi-

sion led to the incident in question (*Barr v County of Albany*, 50 NY2d 247, 257-258; *Richardson v New York Univ.*, 202 AD2d 295, 296-297).

Lastly, defendant cannot be held vicariously liable for the bartender's assault upon the patron outside the restaurant as employers are held vicariously liable for their employees' torts only to the extent that the underlying acts fall within the scope of employment (*Adams v New York City Tr. Auth.*, 88 NY2d 116; *Riviello v Waldron*, 47 NY2d 297). Clearly, such was not the case herein. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.