■ JEFFREY FAINBERG et al., Respondents, v DALTON KENT SECURITIES GROUP, INC., Appellant, et al., Defendant. [701 NYS2d 41] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered February 10, 1999, which denied the motion of defendant Dalton Kent Securities Group, Inc. for summary judgment as untimely, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant Dalton Kent Securities Group, Inc. dismissing the complaint as against it. Appeal from order, same court and Justice, entered April 16, 1999, which denied defendant's motion to reargue, unanimously dismissed, without costs, as taken from a non-appealable order.

While it is true that a court has inherent power over the control of its calendar and the disposition of business before it (*Matter of Public Adm'r of County of N. Y. v Cohen*, 221 AD2d

297; *Heist v Cameron*, 211 AD2d 429) and may, in its discretion, require that all summary judgment motions be made within 30 days after filing of the note of issue (CPLR 3212 [a]), it is also true that the court, upon good cause shown, may allow the filing of a late motion (CPLR 3212 [a]; *Goodman v Gudi*, 264 AD2d 758).

In this matter, the IAS Court improvidently exercised its discretion when it *sua sponte* dismissed defendant's motion for summary judgment as untimely. Defendant was unable to file a timely motion because it was required, pursuant to CPLR 3116 (a), to wait beyond the court's deadline for the return of corrected, signed deposition transcripts upon which it intended to rely in making its motion (*see, Kule v Reliance Group*, 49 NY2d 587; *Interfilm, Inc. v Advanced Exhibition Corp.*, 249 AD2d 242). Moreover, the delay was minimal and there is no discernible prejudice to plaintiffs who, by stipulation, had agreed to extend defendant's time to move for summary relief.

Turning to the merits of the motion, we first note that questions of whether an employee's actions fall within the scope of his or her employment are ordinarily questions for the trier of fact, except where there are no disputed facts and there is no question that the acts of the employee fell outside the scope of employment (*Nicollette T. v Hospital for Joint Diseases*, 198 AD2d 54). In this case, Dalton cannot be held vicariously liable for the assault which, if it occurred, was clearly outside the scope of the employee's duties as a stockbroker and did not further or serve any business purpose (*see, Adams v New York City Tr. Auth.*, 88 NY2d 116; *Gallo v Dugan*, 228 AD2d 376, *lv denied* 90 NY2d 806). In addition, plaintiffs have failed to establish that the employee had a history of, or propensity for, assaultive behavior and, even if such was established, that defendant knew or should have known of that history or propensity (*Gallo v Dugan, supra*, at 376; *Rodriguez v United Transp. Co.*, 246 AD2d 178). Concur—Sullivan, J. P., Nardelli, Wallach, Saxe and Friedman, JJ.