Matter of Miller v State of New York
2026 NY Slip Op 03883
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Robert J. Miller et al., Petitioners/Plaintiffs,
v
The State of New York et al., Respondents/Defendants-Respondents, Alexander E. Eisemann, Nonparty-Appellant.

Decided and Entered: June 18, 2026
Index No. 163102/25|Appeal No. 6937-6937A|Case No. 2026-00001|
Before: Kennedy, J.P., Rodriguez, Michael, Chan, JJ.

Alexander E. Eisemann, appellant pro se.
Letitia James, Attorney General, New York (Gillian Barna of counsel), for State respondent.

[*1]
Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about December 10, 2025, which, insofar as it denied the proposed intervenor's motion to intervene in this hybrid proceeding brought pursuant to CPLR articles 30, 63, and 78, unanimously affirmed, without costs. Appeal from so much of the order as denied the proposed intervenor's motion for leave to reargue respondent State of New York's cross-motion to dismiss the petition, unanimously dismissed, without costs, as taken from a nonappealable paper.
Supreme Court properly denied the motion to intervene whether considered to have been brought as of right or by permission (see CPLR 1012 [a] [2], 1013; Matter of HSBC Bank U.S.A., 135 AD3d 534, 534 [1st Dept 2016]). We disagree that Supreme Court should have waited to decide the motion on the merits, as the notice of motion set a return date three weeks after oral argument on petitioners' motion for a preliminary injunction and the State's cross-motion to dismiss, and "courts have an inherent power over the control of their calendars, and the disposition of business before them, including the order in which disposition will be made of that business" (Matter of Public Adm'r of County of N.Y. v Cohen, 221 AD2d 297, 298 [1st Dept 1996] [internal quotation marks omitted]). In any event, the court had good cause to proceed, since petitioners faced an impending deadline with regard to their claims, and delaying decision would have significantly impacted the time they had to obtain relief before the motion court and to seek preliminary relief before this Court pending appeal (see Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201 [1st Dept 2010]). Under the circumstances, it was not erroneous to find that the motion to intervene was rendered moot by the decision granting the State's cross-motion to dismiss the petition (see White v Globe Indem. Co., 14 AD2d 743, 743 [1st Dept 1961]).
Even if the motion was not moot, it was providently denied insofar as proposed intervenor was not an "interested person" with respect to petitioners' single cause of action under CPLR article 78 claiming that by continuing to require judges to retire at age 70 and refusing to certify judges past age 76 the State committed an error of law (CPLR 7802 [d]; see Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono, 91 NY2d 716, 720 [1998]). The claim is not relevant to intervenor, who has never been a judge or justice.
As for intervenor's second motion, no appeal lies from the denial of leave to reargue (US Bank N.A. v Brown, 246 AD3d 418, 420 [1st Dept 2026]; Santiago v New York City Hous. Auth., 227 AD2d 114, 115 [1st Dept 1996]).
[*2]
In light of our prior decision in this matter, holding that the Equal Rights Amendment, which, among other things, added the category of "age" to the Civil Rights Clause set forth in article I, § 11 (a) of the State Constitution, did not repeal or invalidate article VI, § 25 (b) of the State Constitution or render Judiciary Law §§ 23 and 115 unconstitutional (Matter of Miller v State of New York, 247 AD3d 502, 502-504 [1st Dept 2026]), which decision has been appealed to the Court of Appeals, we find no grounds to consider proposed intervenor's arguments that are admittedly a subset of the arguments already considered.
We have considered intervenor's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026