*411 Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 2, 2012, which, insofar as appealed from, denied the motion of defendant Sirkin Realty Corporation (Sirkin) for summary judgment dismissing the complaint and all cross claims as against it, unanimously modified, on the law, the motion granted to the extent of dismissing plaintiffs claims alleging negligent hiring and negligent supervision, and otherwise affirmed, without costs.
The court properly determined that triable issues were raised as to whether defendant Suazo was Sirkin’s employee and whether Suazo was acting within the scope of his employment when he assaulted plaintiff. Although the contract between Suazo and Sirkin designates Suazo as an independent contractor, the contract, as well as other record evidence, shows that Sirkin employed Suazo as its building superintendent and exercised control over the methods and means by which his work was to be done (see Shah v Lokhandwala, 265 AD2d 396 [2d Dept 1999]). There was also evidence that Suazo was protecting building property at the time of the assault (see Ramos v Jake Realty Co., 21 AD3d 744 [1st Dept 2005]).
Nevertheless, the claims alleging negligent hiring and supervision are not viable. There is no evidence that Sirkin was on notice that Suazo had any propensity for violence (see White v Hampton Mgt. Co. L.L.C., 35 AD3d 243 [1st Dept 2006]). Concur — Acosta, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ.