■ GURPREET SINGH, Respondent-Appellant, v ALLIANCE BUILDING SERVICES, LLC, et al., Appellants-Respondents. [44 NYS3d 758]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about January 12, 2016, which denied as moot plaintiff's motion for summary judgment dismissing defendant David Diaz's counterclaims on the ground of noncompliance with discovery orders, unanimously affirmed, without costs. Order, same court (Arlene P. Bluth, J.), entered on or about May 4, 2016, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the respondeat superior claim, unanimously reversed, on the law, without costs, and the motion granted.

Defendants established a reasonable excuse for Diaz's failure to provide unrestricted medical authorizations before the deadline set by the court's conditional order of preclusion and meritorious counterclaims (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74 [2010]).

Here, there is no evidence that Diaz's assault was motivated by a desire to further any interest of his employer whatsoever, nor is there any evidence that the employer condoned, instigated, or authorized the assault (*Taylor v United Parcel Serv., Inc.*, 72 AD3d 573 [1st Dept 2010], *lv denied* 15 NY3d 705 [2010]; *compare Ramos v Jake Realty Co.*, 21 AD3d 744, 745 [1st Dept 2005]). Accordingly, the employer cannot be held vicariously liable on a respondeat superior theory. Concur—Andrias, J.P., Saxe, Feinman, Gische and Kahn, JJ.