Jiraud v Barnes & Noble, Inc. (2020 NY Slip Op 05678)





Jiraud v Barnes & Noble, Inc.


2020 NY Slip Op 05678


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Webber, J.P., Mazzarelli, Oing, Shulman, JJ. 


Index No. 161738/2015 Appeal No. 12032 Case No. 2019-5549 

[*1]Celso Jiraud, Plaintiff-Respondent-Appellant,
v
Barnes & Noble, Inc., Defendant-Appellant-Respondent.


Leahey & Johnson, P.C., New York (Umar Cash of counsel), for appellant-respondent.
Richard H. Bliss, New York, for respondent-appellant.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about June 21, 2019, which granted so much of defendant's motion for summary judgment as sought to dismiss the cause of action for negligent supervision and denied so much of the motion as sought to dismiss the causes of action for assault and battery, unanimously modified, on the law, to grant the motion as to the causes of action for assault and battery, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.
Defendant established prima facie that it cannot be held liable for negligent supervision of a maintenance worker in its employ who allegedly attacked and injured plaintiff, because it had no knowledge of any violent propensities on its employee's part (see Vasquez v Sirkin Realty Corp., 107 AD3d 410, 411 [1st Dept 2013]; Yeboah v Snapple, Inc., 286 AD2d 204, 205 [1st Dept 2001]). Indeed, the worker's supervisor, who witnessed the incident, testified that until the altercation occurred, the maintenance worker was considered a model employee. In opposition, plaintiff failed to raise an issue of fact.
Defendant also established that it cannot be held liable for assault and battery by its employee under a theory of respondeat superior, because the altercation with plaintiff cannot reasonably be construed as part of the employee's duties as a maintenance worker or as an act in furtherance of defendant's interests (see Singh v Alliance Bldg. Servs., LLC, 146 AD3d 610 [1st Dept 2017]; Vicuna v Empire Today, LLC, 128 AD3d 578, 578-579 [1st Dept 2015]). In opposition, plaintiff failed to raise an issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020