Kerr v Garcia (2024 NY Slip Op 05138)

Kerr v Garcia

2024 NY Slip Op 05138

Decided on October 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2024

Before: Renwick, P.J., Moulton, Friedman, Higgitt, Rosado, JJ. 

Index No. 155973/16 Appeal No. 2841 Case No. 2023-04139 

[*1]Larry Kerr, Plaintiff-Appellant,
v
Michael Garcia, Defendant-Appellant, 131 East 23rd LLC, et al., Defendants-Respondents.

Decolator Cohen & DiPrisco, LLP, Garden City (Carolyn M. Canzoneri of counsel), for Larry Kerr, appellant.
Morrison Mahoney, LLP, New York (Laura R. McKenzie of counsel), for Michael Garcia, appellant.
Congdon Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale (Michael T. Reagan of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered August 9, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of defendants 131 East 23rd LLC and East 23 FO LLC (together, the owners) for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny the motion to the extent it sought dismissal of the claim based on respondeat superior and remand the matter for determination of owners' request for spoliation sanctions, and otherwise affirmed, without costs.
Plaintiff seeks to recover for injuries he sustained when he was allegedly assaulted by defendant Michael Garcia. Garcia was employed as the live-in superintendent of a building next door to the Gramercy Theatre, where plaintiff and his companions had spent the evening. According to Garcia, an altercation ensued when he witnessed plaintiff's companion urinating on the building. Garcia testified that he retreated into the building, but that the altercation eventually continued when he acted to protect the building to assure that its glass doors were not broken by plaintiff and his companions.
Supreme Court correctly granted the motion to the extent it sought dismissal of the claims alleging negligent hiring and retention. The record presented no evidence that the owners were on notice that Garcia had any propensity for violence (see Vasquez v Sirkin Realty Corp., 107 AD3d 410, 411 [1st Dept 2013]).
However, the court should have denied the owners' motion as to the respondeat superior claim against them, as they failed to establish their entitlement to judgment as a matter of law on that claim. Although other witnesses gave conflicting versions of the incident that led to the altercation, Garcia's testimony raises an issue of fact as to whether he was acting within the scope of his employment as superintendent of owners' building when he allegedly assaulted plaintiff (see De Wald v Seidenberg, 297 NY 335, 338 [1948]; Vasquez, 107 AD3d at 411).
In light of its decision granting the motion to dismiss the complaint as against the owners, the court denied, as moot, so much of the owners' motion as sought an adverse inference charge against plaintiff as a sanction for spoliation of evidence. Because we are reinstating the respondeat superior claim, the matter is remanded for a determination as to what spoliation sanction, if any, is warranted. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2024